School District No. 4 of the Town of Campbell vs. Baier and another.

---

SCHOOL DISTRICT No. 4 OF THE TOWN OF CAMPBELL, Appellant, vs. BAIER and another, Respondents.

*November 18 — December 10, 1897.*

*School district board: Meetings: Defective call: Void contract: Unauthorized payment by treasurer.*

1. A special meeting of a school district board attended only by two of the members, who had called the meeting by serving on the third member a notice which failed to state the place where it was to be held, was not a legal meeting.
2. A contract with a teacher attempted to be authorized at such meeting is void, especially with one not holding a certificate authorizing her to teach; and if the treasurer pays the salary of such teacher without the proper order of the clerk therefor, he and his surety are liable on his bond.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Reversed.*

This is an action brought to recover $270.93, on the bond of the defendant *August Baier* as treasurer of the plaintiff school district, the defendant *Dawson* being surety upon the said bond.

The facts, in brief, as they appeared upon the trial, are that the defendant was treasurer of the plaintiff district for the term of three years, and gave the bond in suit, which was signed by *Dawson* as surety, and was conditioned for the faithful discharge of the duties of his office as treasurer, and that he should "well and truly pay over to the person or persons entitled thereto, upon the proper order therefor, all sums of money which shall come into his hands as treasurer of said district, and shall, at the expiration of his term of office, pay over to his successor in office all moneys remaining in his hands as such treasurer." During the year beginning in July, 1894, he received, as treasurer, the sum of $351.92, and paid out the sum of $270.93, without any order from the clerk or director for such payment. In defense of such payments, it was shown that on August 6, 1894, the defendant *Baier*, as treasurer, and one Hermann, who was director of the school, served upon William Peters, the clerk of the district, the following notice:

"Mr. Williams Peters,

"Dear Sir: The school board will meet August 7th, at seven o'clock p. m., to hire and make a contract for a teacher.

[Signed] "AUGUST BAIER.

"FRED HERMANN."

Peters did not attend this meeting, but *Baier* and Hermann met and attempted to make a contract with Mary Lamb to teach the school for seven months. There is no proof which shows that Mary Lamb had a certificate to teach at the time of the contract, but she procured one on the 4th of September following. She commenced to teach the school

in October, and did actually teach the same for seven months; but no meeting of the district board was held during the year, nor were any orders drawn by the clerk or director during the year. The defendant *Baier*, however, paid the salary of the teacher for seven months, at $34 per month, and also paid all other incidental expenses of the school at that time, without any orders. At the annual school district meeting held on the 1st of July, 1895, the treasurer's report was rejected and disallowed, for the reason that he presented no vouchers. At a special school meeting held on the 31st of August, 1895, it appears that the treasurer's report was read, and on motion adopted.

Upon these facts, both parties moved that the court direct a verdict. The court overruled the plaintiff's motion, and granted the defendants'; and from judgment dismissing the complaint the plaintiff appeals.

For the appellant there was a brief by *Higbee & Bunge*, and oral argument by *E. C. Higbee.*

For the respondents there was a brief by *C. L. Hood* and *Wm. S. Burroughs*, and oral argument by *Mr. Hood.*

Winslow, J. The statutes governing the duties of school district officers are very specific, and wisely so. The district board is composed of the director, treasurer, and clerk. Meetings of the board may be called by any two members by serving on the other member a written notice of the time *and place* of the meeting twenty-four hours before the meeting. No act of the board *is valid* unless voted at a meeting of the board. R. S. sec. 432. The *board* shall contract with *duly qualified* teachers. No contract with any person not holding a diploma or certificate authorizing him to teach *shall be valid.* R. S. sec. 438. The duty of the clerk, among other things, is to draw orders on the treasurer for money in payment of the wages of duly qualified teachers who have been employed by the board, and have taught the school of

School District No. 4 of the Town of Campbell vs. Baier and another.·

the district; also, to draw orders for other legally author-
ized expenses. R. S. sec. 446. The duty of the director,.
among other things, is to countersign all orders legally
drawn by the clerk upon the treasurer, and to prosecute the
treasurer's bond in case of breach. R. S. sec. 442. The
duty of the treasurer, among other things, is to receive and
hold all the school moneys of the district, and to "pay all
money received by him on the *order of the clerk* counter-
signed by the director, and *not otherwise.*" R. S. sec. 444.

In the present case the meeting of August 7 was not le-
gally called, because the notice did not fix the place of meet-·
ing. There were but two members of the board present,·
and the other member of the board had not been notified of
·the meeting, as the law requires. Hence it was not a legal
meeting, and the contract with Miss Lamb, attempted to be
authorized at the supposed meeting, was void. Not only
was the contract with Miss Lamb void, but the clerk never
issued a warrant authorizing the treasurer to pay her any
salary. The treasurer's duty is fixed by the statute. He is
to pay out money *only* upon the order of the clerk, properly
countersigned. It is not his business to speculate upon and
decide what claims against the district are equitable or just.
There is one certain guide which he has to go by, and which
will protect him, and that is the rule of the statute. He is
not vested with any discretion as to the payment of a claim
when the claimant possesses no order signed by the clerk
and countersigned by the director. In the present case, not
only was there no order, but there was no valid contract
ever made with the teacher which would justify the issuance
of an order. But it is enough that there was no order. The
result may be hard in the present case, but the rule is a
salutary one. The treasurer must account for the moneys
which he has paid out without warrant of law.

*By the Court.*— Judgment reversed, and action remanded.
for a new trial.