MENDEL, Appellant, vs. SCHOOL DISTRICT NUMBER SIX OF THE TOWN OF WAUWATOSA, Respondent.

*February 26—March 22, 1904.*

*School Districts: Contracts: Evidence.*

1. A contract for the employment of a janitor for a district school can be made only by the district board at a meeting thereof duly called and held.
2. The best evidence of the acts of a school board is the record of its meetings, kept by the clerk.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

For the appellant there was a brief by *W. C. Zabel*, attorney, and *W. B. Rubin*, of counsel, and oral argument by *Mr. Zabel*.

For the respondent there was a brief by *Wheeler & Perry*, and oral argument by *L. G. Wheeler*.

WINSLOW, J. The plaintiff sued for damages for breach of a contract to serve defendant as janitor. He claimed that he was employed by the district board in the latter part of November, 1899, to serve as janitor for the balance of the school year beginning December 11, 1899, at the rate of $25 per month. It was admitted that he served for one month

beginning December 11, 1899; that he was paid in full for that month; and that the district board refused to allow him to work longer, although he held himself in readiness to do so. The trial court nonsuited the plaintiff because he failed to prove the entire contract which he claimed, and there can be no question as to the correctness of the ruling. No written contract was produced, but the plaintiff proved that in the latter part of November, 1899, the plaintiff's wife, acting as his agent, handed to the director of the district a written bid to do the work of janitor of the school for $25 per month; that a meeting was held by the board two or three days later, and that after the meeting the director met the plaintiff's wife, and told her that the bid was accepted, and the plaintiff went to work on the 11th of December, and did the work for a month, and was paid therefor. This was substantially all of the plaintiff's proof. It does not show or tend to show the entire contract, which the plaintiff must show in order to recover. The contract could only be made by the board, and the board could only act at a meeting duly called and held. Sec. 432, Stats. 1898; *School Dist. v. Baier*, 98 Wis. 22, 73 N. W. 448. The best evidence of the acts of the board must be the record of its meetings, kept by the clerk. The record was not offered, nor was its absence explained. It would be a novel idea that the acts of a public board could be proven by the unsworn statements out of court of one of the members of the board. Authorities need hardly be cited to refute such an idea.

*By the Court.*—Judgment affirmed.