THE MAYOR, COUNCILMEN and CITIZENS OF THE CITY OF GLASGOW, Appellant, v. JOHN MORRISON-FULLER, Respondent.

Kansas City Court of Appeals, March 7, 1910.

1. CITIES: Ordinances: Special Meeting of Council. The charter of Glasgow, a city of less than ten thousand, provided for regular council meetings in February, May, August and November of each year. An ordinance was passed at a special meeting of the council, held without notice, on the night of the first Monday of March. The ordinance was invalid, even though the mayor and all the councilmen were present at the meeting, and even though it had been the custom for twenty years to hold meetings on the first Monday of each month.

2. ————: Custom Versus Express Law. The provision by the charter of the times at which the council should meet, without· providing for other meetings, was, in effect, a prohibition against other meetings, and no custom of holding meetings at times not so provided by the charter could override its express provisions.

Appeal from Howard Circuit Court.—*Hon. A. H. Waller,* Judge.

AFFIRMED.

*Percival Birch* for appellant.

(1)   When the mayor and all the councilmen meet and act as a body, they may, at such meeting transact any business within the power conferred by law, notwithstanding the meeting was not called as provided by charter and that it was not a regular or adjourned meeting.   The presence of all who are entitled to participate therein   renders   notice   entirely   immaterial. Hanna v. Wright, 116 Ia. 275, 89 N. W. 1108; Moore v. Council of Perry, 119 Ia. 423, 93 N. W. 510; Sommercamp v. Kelly, 8 Idaho 712, 71 Pac. 147; Magenan & Bunner v. Trenton, 30 Neb. 843, 47 N. W. 280, 9 L. R. A. 786; Lord v. Anoka, 36 Minn. 176, 30 N. W. 550; State v. Smith, 22 Minn. 218; Young v. Rushsylvania, 8 Ohio Ct. Rep. 75; State v. Bowers, 26 Ohio Ct. Rep. 326, affirmed without opinion 70 Ohio St. 423, 72 N. E. 1155; Mayor v. Water Co., 64 S. W. 1075; Land Co. v. Jellico, 103 Tenn. 321, 52 S. W. 995; Ryan v. Mayor of Tuscaloosa, 46 So. 638; Shugars v. Hamilton, 29 Ky. Law Rep. 127, 92 S. W. 564; Dillon's Municipal Corp. (4 Ed.), secs. 263, 264.   (2)   Where, for a long period, a custom has prevailed and has had the silent acquiescence of the people, and where rights have accrued by reason thereof, and when injurious results would follow the disturbance of it, the courts will adhere thereto.   Forry v. Ridge, 56 Mo. App. 623; McQuiddy v. Vineyard, 60 Mo. App. 619; Bank v. Ridge, 79 Mo. App. 1; Bank v. Ridge, 183 Mo. 507.

*E. W. Henry* and *O. S. Barton* for respondent.

BROADDUS, P. J.—This cause originated in the mayor's court of the city of Glasgow, where defendant was tried and convicted of the offense of conducting a bank on the 11th day of March, 1909, without first having obtained a license as is provided by a certain ordinance of the city. The case was appealed to the circuit court where on trial anew before the Honorable Alexander H. Waller, sitting as a jury, the defendant was found not guilty. The city appealed.

Appellant is a municipal coporation and exists under and by virtue of an act of the Legislature approved February 27, 1845, and has less than 10,000 inhabitants. Under the charter of the city the mayor and aldermen hold their stated meetings on the first nights of February, May, August and November of each year. No provision is made for special meetings. The ordinance in question was passed on the 4th day of January, 1909. At this meeting all the councilmen and other officers of the city were present. It was shown that the council had been in the habit for the last twenty years of meeting on the first Monday nights of each and every month of the year. There were no declarations of law asked or given.

Appellant admits as a general proposition an ordinance passed by a city at other than a stated meeting as provided by charter, or an adjourned one, would be invalid. But it insists, first, that as the ordinance in question was passed while the mayor and all the councilmen were present it was not invalid. And secondly, as it had been the custom of the mayor and councilmen to meet on the night of the first Mondays in each month for twenty or more years the ordinance passed in pursuance of such custom ought to be held valid.

On the first proposition it is held: "That a contract by a school township was made at a special meeting, of which no notice was given, is immaterial,

142 App—20.

all the members being present, as it will be assumed was the case." [Hanna v. Wright, 116 Ia. 275, 89 N. W. 1108.] Where the "Code . . . provides that a special meeting of a city council may be called by the mayor or any three members of the council any business may be considered. Held that if all the members attend a special meeting, failure to give notice thereof is immaterial." [Moore v. City Council, 119 Ia. 423, 93 N. W. 510.] Where there is a meeting of the city council, and the mayor and all councilmen are present, excepting one, they may transact any business that does not incur an indebtedness, even though the call was not made as required by statute. [Sommercamp v. Kelly, 8 Idaho 712, 71 Pac. 147.] These cases are not in point, for the reason that special meetings were provided for by law which required that they should be called in a certain manner, but if not so called, yet if the members of the council assemble their acts while thus assembled are valid.

Our courts hold differently. [Forry v. Ridge, 56 Mo. App. 615.] The question arose as to the legality of a proceeding of the common council of Kansas City. The charter of the city, "provides that the common council shall meet on the third Monday in April and thereafter on the first Monday of every month, but not oftener, unless especially convened by the mayor in pursuance of law, and the mayor shall call special sessions by proclamation, which shall be published as may be provided by ordinance. There was no ordinance." The court held that special sessions called by the mayor were illegal, as were all acts done by it when assembled, and that the meeting of all the members of the council at such special meetings would not render the acts legal. [1 Dillon, Mun. Cor., sec. 259.]

However appellant relies on the holding in the case of Forry v. Ridge, *supra,* that notwithstanding the meeting of the council was invalid its action was up-

held. The reasons of the court for sustaining the proceedings of the council were as follows: "However, since the city officers, the public lawyers, and judiciary, have in the practice of several years, acted upon a different understanding of what was necessary to convene special sessions of the common council; and since the language of the charter gave *some color* to such interpretation; and since, too, a contrary holding now as to such meetings in the past, would unsettle numerous titles, distract, if not destroy, many private interests and impair public faith and confidence in a great variety of merely governmental regulations adopted at these special meetings, we feel constrained to uphold their legality, notwithstanding our conviction that such sessions were not called as the charter intended they should be."

This case afterwards came before the Supreme Court under the title of Savings Bank v. Ridge, reported in the 183 Mo. 506, where the action of this court in upholding the proceedings of said special session were approved. And it may fairly be taken that not only the conclusion arrived at met the approval of the court, but also the reasons assigned therefor. But at the same time it will be observed that the Supreme Court does not arrive at its conclusion by the same process of reasoning that governed the court in the Forry case. On the contrary the court upheld the validity of the proceedings at the special meeting on the ground that there existed the presumption that an ordinance providing for special meetings of the council had been enacted authorizing the mayor to assemble the council.

As the council of the appellant city had been in the habit of meeting for the transaction of the business of the city for twenty years prior to the meeting in question it is reasonable to presume that some such business was of importance; and to hold that such meetings were unauthorized and invalid would disturb vested rights

and injurious results would follow. We fully appreciate the gravity of the situation. On the other hand to sustain the validity of the acts of the council at such meetings in our opinion might tend to induce a dangerous disregard by city councils of plain charter provisions, defining their powers and duties, all the disastrous consequences of which it would be impossible to foretell. While we are not inclined to criticise or withhold assent from our former holding in the Forry case, we think we would be justified in saying that it should not be recognized as a pretext for other cases where the effect would be to extend the limit reached in that case.

In the Forry case, GILL, J., who delivered the opinion, was very careful to emphasize the fact that "the language of the charter gave *some color*" to the understanding that such meetings were legal, whereas here there could be no grounds to give color to such understanding. There is no provision made in the charter for special meetings of the council for any purpose. Such being the case there was no pretext whatever for holding such special meetings. There was nothing to *give color* to any such understanding. Appellant, however, argues that as the charter did not forbid the holding of special meetings of the council, the long-continued custom of holding them became a law. But it is a sufficient answer to the argument to call attention to the fact that whatever authority the council had was derived from expressed provisions of the charter except as to those matters which are necessarily implied. The fixing of the terms in which the council should meet, without any further provisions for other meetings was in effect a prohibition against such other meetings, *expressio unius est exclusio alterius*.

If the defendant's conviction for a violation of the city ordinance is to stand, it cannot be justified on the theory that he has violated any law whatever, but it

State ex rel. v. Meier.

must be on the sole ground of public policy. Although this is not a criminal case it partakes of the character of one in some respects, as the judgment is in the nature of a punishment for violation of a city ordinance, which has no legal existence. Affirmed. All concur.