CLUNE, Respondent, vs. SCHOOL DISTRICT No. 3 OF THE TOWN OF BUCHANAN, OUTAGAMIE COUNTY, WISCONSIN, Appellant.

*December 5, 1917—January 5, 1918.*

*Schools and school districts: Hiring of teacher: Validity of contract: Teachers' certificates: Issuance and annulment: Fraud: Review of superintendent's action: Teacher's contract: Abrogation: Destruction of schoolhouse: Recovery of agreed salary.*

1. Findings by the trial court, supported by the evidence, to the effect that the school board of the defendant district met on a certain day, that all members were present, that it unanimously voted to hire plaintiff to teach the school for the term of nine months beginning on a certain day and agreed to pay him a specified sum per month, and that the contract was reduced to writing and signed by all the school officers and by plaintiff, sufficiently show a valid contract of hiring by the board, in spite of some informalities in the proceedings.

2. Under secs. 451–453, 461, 497, 497a, Stats., the issuance and annulment of teachers' certificates is placed under the control of the county and state superintendents, and in an action to recover for services in teaching school, brought against a school district by the holder of a teacher's certificate duly issued to him by the

county superintendent, which certificate had not been annulled and was in full force and effect, no review of the action of the superintendent was proper; hence allegations of the answer to the effect that the certificate was procured by fraud and collusion were properly stricken out.

3. Where a teacher's contract of employment for a definite term contains no stipulation as to termination of the contract or deduction from the agreed salary in case of the destruction of the schoolhouse by fire or otherwise, no deduction can be made on that account without his consent.

4. A contract of employment made by a school district with a teacher cannot be abrogated or modified by the district without the teacher's consent.

5. Where after the destruction of the schoolhouse there was talk among the members of the school board of renting a place for the school, and the teacher was obliged to and did hold himself in readiness to comply with the terms of his contract, and, though he made some effort, he failed to obtain another position as teacher, he was entitled to recover the agreed compensation for the term for which he was hired.

APPEAL from a judgment of the municipal court of Outagamie county: ALBERT M. SPENCER, Judge. *Affirmed.*

This action was brought to recover for services in teaching school in the defendant's district for the period of nine months commencing on the 6th day of September, 1915, at $45 per month. The complaint alleged that the plaintiff was a duly qualified school teacher and held a certificate authorizing him to teach in the public schools in the county of Outagamie, Wisconsin. The defendant denied the allegation that the plaintiff was duly qualified and alleged, among other things, fraud and collusion in procuring his certificate, and set up the specific acts that constitute fraud and collusion.

On motion the allegations in the answer setting up fraud and collusion were stricken out. The case was tried by the court and the following findings made:

"1. That the plaintiff held a second-grade teacher's certificate duly issued to him on the 31st day of August, A. D. 1914, by the county superintendent of schools in and for Out-

agamie county, Wisconsin, authorizing the plaintiff to teach in Outagamie county for a term of three years from the date thereof, which certificate was not annulled and was in full force and effect, and that the plaintiff was in all respects duly qualified to teach the defendant's school during the school year 1915 and 1916.

"2. That on the 5th day of June, A. D. 1915, the school board of the defendant school district, at a meeting duly held at which all members were present, unanimously voted to hire the plaintiff, and entered into a contract with the plaintiff to teach defendant's school in said district for the term of nine months commencing on the 6th day of September, A. D. 1915, for which the defendant district agreed to pay to the plaintiff the sum of forty-five ($45) dollars per month, and the said contract was reduced to writing and signed by all members of the school board of defendant district and by plaintiff, and a copy of plaintiff's certificate to teach, together with said contract, was filed with the clerk of the defendant district as the statutes provide; and there was also signed by the school board of defendant district and plaintiff, Exhibit 'B,' and delivered to plaintiff, bearing date May 29, 1915, but was in fact signed by the school board of the defendant and plaintiff on the 5th day of June, A. D. 1915.

"3. That the electors of defendant school district at a regular meeting determined to have nine months' school, beginning the first Monday of September, A. D. 1915.

"4. That the plaintiff was at all times ready and willing to teach the school of the defendant district and was ready and willing to comply with all the conditions of his said contract in every respect, and this was made known to defendant.

"5. That after the making of said contract and before the commencement of said term, the schoolhouse of said defendant district was totally destroyed by fire.

"6. That on the 14th day of August, A. D. 1915, the school board of said defendant district held a regular meeting in conjunction with a. building committee of defendant school district, at which meeting it was decided to let a contract for building a new schoolhouse for said district to the Mielke Construction Company for the sum of twenty-two hundred sixty-five ($2,265) dollars.

"7. That the schoolhouse contracted to be built was not

constructed, and while the plaintiff was informed by members of the school board of the defendant district at different times that it would rent a room or place for holding school, the defendant never furnished a schoolhouse or room of any kind for plaintiff to teach school in, and prevented the plaintiff from performing the conditions of his said contract, all without any fault or neglect on plaintiff's part.

"8. That the defendant, without just cause or legal right for so doing, breached its contract with plaintiff.

"9. That the plaintiff made due demand of defendant for the amounts due him according to the terms of said contract after the same became due and before the commencement of this action, but said demand was refused.

"10. That plaintiff did not in any way, either expressly or impliedly, consent to a termination or alteration of his said contract, and held himself in readiness and was willing to teach defendant's school and perform as provided in and by the terms of said contract, from which employment he was never discharged, and that during said term he earned no wages in other employment.

"11. That nothing has been paid under said contract by the defendant to the plaintiff; that the plaintiff has been damaged in the sum of four hundred five ($405) dollars; that the interest thereon from commencement of this action amounts to $8.08."

And found as conclusions of law:

"1. That the plaintiff was in all respects duly qualified and authorized to teach defendant's school during the school year of 1915 and 1916.

"2. That said contract entered into by and between the plaintiff and the defendant was in all respects legal and valid, and was breached by the defendant.

"3. That the plaintiff is entitled to judgment against the defendant in the sum of four hundred five ($405) dollars damages and eight and 8-100 ($8.08) dollars interest, together with the costs and disbursements of this action."

Judgment was entered accordingly in favor of the plaintiff and against defendant, from which this appeal was taken.

*L. P. Fox* of Chilton, for the appellant.

For the respondent the cause was submitted on the brief of *Albert H. Krugmeier* of Appleton.

KERWIN, J.    1. The respondent held a second-grade teacher's certificate issued to him on the 31st day of August, 1914, by the county superintendent of schools of Outagamie county. The certificate was in due form and valid upon its face.

Some question is made by counsel for appellant to the effect that the contract of hiring was not valid.  Careful examination of the record convinces us that this contention is without merit.

It is claimed by appellant that the contract was not made by the board, but by the school officers in their individual capacity.  It is true that the proceedings with reference to employing the respondent were not as formal as they might have been, but it appears that all of the school officers were present and made the contract, and that in effect the contract was made by the school board.  It was signed by all the officers and the respondent, and we think the record sufficiently shows that it was authorized by the board.  *Dolan v. Joint School Dist.* 80 Wis. 155, 49 N. W. 960.  The court found that the school board met on the 5th day of June, 1915, that all members were present, and that it unanimously voted to hire the respondent.  These findings are supported by the evidence and sufficiently show an employment of the respondent.  *Mendel v. School Dist.* 121 Wis. 80, 98 N. W. 932; *Pearson v. School Dist.* 144 Wis. 620, 129 N. W. 940.

2. It is further contended that the court erred in striking out the portion of the answer referred to in the statement of facts.  This contention is based upon the theory that the appellant had the right to show that the respondent was not a qualified teacher and that he obtained his certificate through fraud.

It is plain from the provisions of our statutes that the matter of issuance and annulment of teachers' certificates,

licensing persons to teach the common schools, is placed under the control of the county and state superintendents. Sec. 461, Stats., provides, among other things, that it shall be the duty of every county superintendent to examine and license teachers in his district and to annul certificates as provided by law. Sec. 451 provides that each superintendent shall establish a standard of attainment in each branch of study, which must be reached by each applicant before receiving a certificate. Sec. 452 provides for appeal to the state superintendent for re-examination in case an applicant is refused a certificate, and further provides that the superintendent may annul certificates if satisfied the person to whom a certificate has been granted was not qualified. Sec. 453 also empowers the county superintendent to annul a teacher's certificate upon charges affecting the teacher's moral character, learning, or ability to teach. Sec. 497 provides for an appeal to the state superintendent from any decision of the county superintendent, and sec. 497a provides that no review of the decisions of the state superintendent on matters decided by him shall be had unless proceedings by *certiorari* or other appropriate action be brought within thirty days after such determination by him.

We think it clear that no error was committed in striking out the portions of the answer referred to. The action of the superintendent being within his jurisdiction, no review was proper in this action. *State ex rel. Cook v. Houser,* 122 Wis. 534, 100 N. W. 964; 17 Am. & Eng. Ency. of Law (2d ed.) 1056; *Wood v. Chamber of Commerce,* 119 Wis. 367, 96 N. W. 835.

3. It is insisted that appellant was discharged from performing its contract with respondent, even if a valid contract were made, on account of the destruction of the schoolhouse by fire. There was no stipulation in the contract to that effect, and no provision for deduction on account of destruction of the school house by fire or otherwise. Under such

circumstances no deduction could be made without the consent of the respondent. *School Directors v. Crews,* 23 Ill. App. 367; *Smith v. School Dist.* 69 Mich. 589, 37 N. W. 567; *Cashen v. School Dist.* 50 Vt. 30; *Charlestown School Tp. v. Hay,* 74 Ind. 127; *Libby v. Douglas,* 175 Mass. 128, 55 N. E. 808; *Dewey v. Union School Dist.* 43 Mich. 480, 5 N. W. 646.

4. It is also contended that the appellant was discharged from performing its contract with respondent on account of the action of the special school meeting in voting to suspend the school. The respondent was an employee of the appellant and the relations between appellant and respondent were contractual. The appellant, therefore, could not abrogate the contract or modify it without the consent of the respondent. *Board of Ed. v. State ex rel. Reed,* 100 Wis. 455, 76 N. W. 351; *Jones v. U. S.* 96 U. S. 24, 29; *McKay v. Barnett,* 21 Utah, 239, 60 Pac. 1100, 50 L. R. A. 371.

5. It is further argued that in any event the damages were excessive because the respondent should have sought other employment and mitigated the damages. We do not think this contention can be sustained. In the instant case the respondent was obliged to and did hold himself in readiness to comply with the terms of his contract, and it further appears that he did make some effort to obtain another position as teacher but failed. After destruction of the schoolhouse there was some talk by members of the school board, which information was conveyed to respondent, that appellant would rent a place for holding school. We think upon the whole record no reduction of damages should be allowed, that the findings of the court below are supported by the evidence, and that the respondent is entitled to recover; therefore the judgment below should be affirmed.

*By the Court.*—Judgment affirmed.