SMITH, Respondent, vs. CITY OF PHILLIPS, Appellant.

*March 10—April 5, 1921.*

*Municipal corporations: Meeting of common council: Adjourned
    meeting: Time when salaries may be fixed: Ineffectual
    change: Effect on existing salaries.*

1. An informal arrangement by members of a city council at its first regular February meeting, at which the council was required by sec. 925—30, Stats., to fix the salaries of city officers, to postpone action on the salary question, did not make the meeting held at the time for the regular March meeting, and which was shown by the records of that meeting to be the regular monthly meeting of the council, an adjournment of the February meeting.

2. The requirement of sec. 925—30 as to the time for fixing salaries for the ensuing year and that such salaries "shall not be increased or diminished during his term of office," is mandatory, and the action of the council at its March meeting in fixing the salary of the city attorney is not valid.

3. Under a provision of said sec. 925—30 that all salaries fixed by the common council shall remain the salaries of said officers until the council shall otherwise determine, the salary

of a city attorney, regularly fixed in 1914, remained the salary of the officer elected to that office in 1916, where no change was made by the city council at the meeting in 1916 designated for that purpose by statute, though the salary was reduced at the regular meeting in March, 1916.

APPEAL from a judgment of the circuit court for Price county: G. N. RISJORD, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff to recover the sum of $425 from the city of *Phillips* for services claimed to be due him as city attorney of said city from May 1, 1916, to September 30, 1917, at the rate of $25 per month.

The case was tried before the court upon the following stipulated facts: That plaintiff was duly elected city attorney at the regular spring election on April 4, 1916, for a term of two years; that on the first Tuesday of March, 1916, the common council of the city of *Phillips* had fixed the salary of the city attorney at $1 a month; that the salary of the city attorney for the two-year period previous to 1916 had been fixed at $25 a month at the first regular meeting of the council in February, 1914; that plaintiff qualified as city attorney, but the city employed another attorney to represent it in various issues; that the common council refused to pay plaintiff's claim for $425, but tendered him instead the sum of $17 as payment in full for seventeen months; that he refused this and brought this action in circuit court.

The court ordered judgment for the plaintiff, from which judgment defendant appeals.

For the appellant there were briefs by *W. K. Parkinson* and *J. V. Ledvina,* both of Phillips, and oral argument by *Mr. Parkinson.*

For the respondent the cause was submitted on the brief of *T. M. Holland* of Park Falls.

SIEBECKER, C. J. The stipulated facts show that the common council of the city failed to provide any salary for the city officers and employees at the regular February, 1916, meeting, and that such meeting was not adjourned to a fu-

ture date. It appears that the informal arrangement by the members of the council at the February, 1916, meeting to postpone action on the salary question did not constitute an adjournment of the February meeting, and hence there is no basis for the claim that the regular March, 1916, meeting was an adjourned meeting of the regular February, 1916, meeting. The records of the March, 1916, meeting show that it was the regular monthly meeting of the council. The result is that the common council at its regular March, 1916, meeting proceeded to fix the salaries for the city officers to be elected during the ensuing year. The question arises, Had the common council the power to do this in view of the terms of sec. 925—30, Stats., which provides:

"The common council shall by ordinance provide such salary or compensation for the officers and employees of the city as it shall deem proper. . . . The council shall, at its first regular meeting in February, fix the amount of salary which shall be received by every officer entitled to a salary, who may be elected or appointed during the ensuing year, which shall not be increased or diminished during his term of office and which shall be paid out of the city treasury at the end of each month. All salaries heretofore fixed by any council or established by law shall be and remain the salaries of such officers until the council shall otherwise determine."

The terms of this statute are positive and indicate that the legislature intended that the common councils of cities are required to fix the salaries of city officers at this first regular meeting in February. Manifestly it was considered the best municipal policy to remove the question of compensation of city officers from the influence of the municipal election which follows early in April. This idea of freeing the salary question from municipal political influence is also guarded by forbidding any increase or diminution of such fixed salary during the term of any such officer. We are of the opinion that the circuit court correctly held that the terms of this statute are mandatory, and require city councils to fix the amount of the official municipal salaries at the regular meeting in February. Since the council of the defendant

city at its regular February, 1916, meeting failed to fix the salary of the city attorney who was elected during the ensuing month of April, the question arises, Is the plaintiff entitled to the salary the common council had fixed for the city attorney at its regular meeting in February, 1914? The trial court held that he was, upon the ground that sec. 925—30, Stats., provides: "All salaries heretofore fixed by any common council or established by law shall be and remain the salaries of such officers until the council shall otherwise determine." So far as our attention has been cited to the statutes, this is the only statutory provision prescribing a salary for city officers in case the common council omits to provide a salary at its regular February meeting for an officer who may be elected or appointed during the ensuing year. We are persuaded that this statute applies to the instant case. It therefore follows that plaintiff was entitled to the salary fixed by the defendant's council for the office of city attorney at the regular meeting in February, 1914, at the amount of $25 per month. The court properly awarded plaintiff a recovery against defendant for $425 and the costs of action.

*By the Court.*—The judgment appealed from is affirmed.