E. E. GREEN and H. A. Meddaugh, on their own behalf and as residents and taxpayers of the City of Westhope, North Dakota, on behalf of other residents and taxpayers similarly situated, Plaintiffs and Appellants,

v.

Leo BESTE, as Mayor of the City of Westhope, a municipal corporation, and A. O. Benthagen, as City Auditor of Westhope, and W. H. Noel Company, a corporation, and City of Westhope, a municipal corporation, Defendants and Respondents.

No. 7581.

Supreme Court of North Dakota.

March 29, 1956.

McGee & Van Sickle, Minot, and Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for respondents.

GRIMSON, Judge.

This is an action brought by the plaintiffs, taxpayers of the City of Westhope on behalf of themselves and other residents similarly situated, under Chapter 32–06 NDRC 1943, for an injunction restraining the City of Westhope from entering into or carrying out a contract with W. H. Noel Co., for the construction of paving in districts No. 4, 5 and 6 of the City of Westhope. They allege that all the acts of the City of Westhope in connection with these paving proceedings are null and void, and would result in great injury to the taxpayers of Westhope. The defendants deny the illegality of the proceedings and allege that all of the proceedings of the city council in regard to the paving project are legal and that the City of Westhope has accepted the bid of defendant, Noel Co., for the construction of said paving. A temporary restraining order was granted by the district court after which a trial was had. The district court found for the defendants, dissolved the temporary restraining order and dismissed the action. From the judgment entered therein the plaintiffs appealed and asked for a trial de novo.

Defendant's first objection is that since the plaintiffs have not claimed any injury special to themselves they have no right to bring this action. In an action of this kind they need not show any interest or injury other than that which they will suffer as a taxpayer in common with all other taxpayers. Lang v. City of Cavalier, 59 N.D. 75, 228 N.W. 819. They have a right to be heard.

The City of Westhope is a city with the council form of government organized under the laws of the State of North Dakota. As such the city and its council have only such powers as are expressly granted to them by the legislature or such as may be necessarily implied from the power granted. City of Fargo v.

Bosard & McCutcheon and Eugene Coyne, Minot, for appellants

Sathre, 76 N.D. 341, 36 N.W.2d 39; Village of North Fargo v. City of Fargo, 49 N.D. 597, 192 N.W. 977; State ex rel. Dreyer v. Brekke, 75 N.D. 468, 472, 28 N. W.2d 598; James v. Young, 77 N.D. 451, 43 N.W.2d 692, 20 A.L.R.2d 1086. In the case of Lang v. City of Cavalier, supra, the principles governing the construction of the statutes are well set forth [59 N.D. 75, 228 N.W. 822]:

"A municipal corporation is an agency of the state. It is purely a creature of statute. Constitution, § 130. It takes its powers from the statutes which give it life, and has none which are not either expressly or impliedly conferred thereby or essential to effectuate the purposes of its creation. In defining its powers, the rule of strict construction applies, and any doubt as to their existence or extent must be resolved against the corporation. Stern v. City of Fargo, 18 N.D. 289, 122 N. W. 403, 26 L.R.A.,N.S., 665; Weeks v. Hetland, 52 N.D. 351, 202 N.W. 807; Dillon, Municipal Corporations (5th Ed.) § 237 et seq."

The statutes of North Dakota grant the city power to pave and otherwise improve the street, Section 40-0501(8), 1953 Suppl. NDRC 1943; to defray the expense thereof by special assessments, Section 40-2201(4), 1953 Suppl. NDRC 1943; to call for bids, Section 40-2219, 1953 Suppl. ND RC 1943; and to borrow money when necessary, Section 40-0501(5), NDRC 1943. The only requirement is that the statutes governing all these matters be strictly followed.

The stipulated facts show that a regular meeting of the city council was held June 6, 1955, at which meeting some routine matters appear to have been considered. At the end of the meeting the minutes show "that it was moved by Page, seconded by Harper that the council recess to a later date. Motion carried." Page and Harper were members of the council. The next meeting of the council was held on June 14, 1955, by some private arrangement as to the date. At that time resolutions were passed creating paving, curb and gutter districts No. 4, No. 5, and No. 6, including a description of the property included in each district. A resolution was also passed providing the manner of calling special meetings.

Section 40-0810 NDRC 1943, provides: "The city council shall hold its regular meetings on the first Monday of each and every month, and may prescribe by ordinance the manner in which special meetings may be called." The meeting on June 6, 1955, was on the first Monday of the month and held in accordance with this statute.

Section 40-0810, supra, also provides that the council may, by ordinance, provide for special meetings. Westhope has not done so. If Westhope desires to have a provision for special meetings it must do so by the enactment of an ordinance as the statute provides. 5 McQuillin Municipal Corporations, Third Edition, p. 56.

The city is entirely a creation of the legislature and has to carry on in accordance with the directions prescribed by the legislature. The council is the governing body. The statute prescribes when that governing body shall meet to transact business. Section 40-0602 NDRC 1943 provides that all meetings of the council shall be open to the public. The purpose of that is to enable the public to attend those meetings and to keep in touch with the proceedings of the council. The only way that the public can be assured of its right to do that is to have those meetings at the times specified by the law, as in this instance, or by an ordinance legally enacted. If the council were allowed to adjourn the regular meeting without a date certain then it could meet in secret to carry out the business of the city without reference to the public. The public then would be deprived of the protection guaranteed by the statute. It would leave the door wide open for fraud if the city council were so inclined. In Eggers v. City of Newark, 77 N.J.L. 198, 71 A. 665, 667, the court says:

"If [the rules] can be rendered nugatory by the suspension of a mere rule

of order, the by-laws are little more than a suggestion, instead of being, as they should be, a set of regulations for the transaction of public business by a public body, on which regulations the public itself has a right to rely."

That applies to the statutes in this case.

The case of Kleimenhagen v. Dixon, 122 Wis. 526, 100 N.W. 826, 827, is very similar to the one at bar. The plaintiffs brought an action as taxpayers of the Village to declare the proceedings of the Village Board void; to restrain the Board from taking any further steps in laying a proposed drain which the village board had ordered; and directed to be laid in an alley and the streets of the village; from paying any claims on account thereof and from levying any tax to cover such claims.

"The minutes of the proceedings of the village board disclose that the meetings of the board in which this improvement was authorized were neither special nor regular, as prescribed by statute, nor were they adjournments of such meetings, but they were called and held under the direction of the president of the village board, and upon verbal notice to the members given by the marshal." The Court found that this meeting was not called in accordance with the provisions of the statute. The Court says:

"There is no dispute but that the meetings of the board at which the drain in question was authorized were not regular, nor adjournments of regular, meetings. No written calls for special meetings by two members were filed with the clerk. No other class of meetings is provided for, nor can meetings be called in a manner different from those appointed by the statute. The powers of the board in this regard are limited to the express grants of the statutes, as in all other respects. It is a well-recognized principle that when municipal boards are called upon to perform acts requiring discretion and judgment in administering public affairs, they can only act at authorized meetings duly held. State ex rel. [Foster] v. Graham, 60 Wis. 395, 19 N.W.

359; School Dist., etc., v. Baier, 98 Wis. 22, 73 N.W. 448; McNolty v. Board, etc., Town of Morse, 102 Wis. 261, 78 N.W. 439; State ex rel. [Graff] v. Steele, 106 Wis. 475, 82 N.W. 295; Dillon on Municipal Corporations, § 258. The evidence shows that the meetings were irregular because the requisite steps for calling special meetings were not taken, and for this reason the proceedings of the village board at such meetings authorizing the construction of the drain were unauthorized and void."

In Smith v. City of Phillips, 174 Wis. 54, 182 N.W. 338, 339, the law provided that the council shall fix the salary of city officers at its regular February meetings. At that meeting, however, the council informally agreed to postpone action on the salary question. The court said:

"It appears that the informal arrangement by the members of the council at the February, 1916, meeting to postpone action on the salary question did not constitute an adjournment of the February meeting, and hence there is no basis for the claim that the regular March, 1916, meeting was an adjourned meeting of the regular February, 1916, meeting."

As a result the order fixing the salaries at the March meeting was held void.

In the case of Mayor, etc., of City of Glasgow v. Morrison-Fuller, 142 Mo.App. 303, 126 S.W. 236, 237, the court quotes with approval Forry v. Ridge, 56 Mo.App. 615, as follows:

"The question arose as to the legality of a proceeding of a common council of Kansas City. The charter of the city provides that the common council shall meet on the third Monday in April and thereafter on the first Monday of every month, but not oftener, unless especially convened by the mayor in pursuance of law, and the mayor shall call special sessions by proclamation, which shall be published as may be provided by ordinance. There

was no ordinance.' The court held that special sessions called by the mayor were illegal, as were all acts done by it when assembled, and that the meeting of all the members of the council at such special meetings would not render the acts legal. 1 Dillon, Mun.Cor. § 259." See also Reed v. Wing, 168 Cal. 706, 144 P. 964.

The respondent cites the case of Magneau v. City of Freemont, 30 Neb. 843, 47 N.W. 280, 9 L.R.A. 786. Both the facts in that case and the Nebraska law differ from the facts in the instant case and the North Dakota law, so that the ruling laid down therein does not apply.

Thus the cases hold that the public is entitled to have the City Council meet at the times specified by the statute or by legal ordinance so as to prevent the council from doing business in any secret meeting. Any proceedings had at a meeting held at other times than so specified are void and illegal.

The question then is what was the status of the council meeting held on June 14, 1955. The last regular meeting before that date was June 6th. The next regular meeting would have been on July 4th. The minutes of the June 6th meeting, however, say "that the council recessed to a later date." Webster's New International Dictionary, Second Edition, defines "recess" as to "retire." In Re Opinion of Justices, 116 Me. 557, 103 A. 761, 774, the court says: "Recess of the legislature is defined to be 'the adjournment without date of a session of the legislature.'" Since there was no specified date for resumption of business after June 6th that action of the council amounted to an adjournment of the meeting. Smith v. City of Phillips, supra. The date of the meeting on June 14th was apparently fixed afterwards by some oral arrangement by the members of the council. There doesn't appear to have been any notice of that meeting given. We are constrained to hold that that was not a legal public meeting of the council as provided by statute. According to the authorities heretofore quoted, everything done at that meeting was void. That renders the resolutions establishing the paving districts void. Those resolutions were jurisdictional prerequisites for all the proceedings in regard to paving that followed.

In the Merchants' National Bank v. City of Devils Lake, 42 N.D. 445, 173 N.W. 748, 749, this court holds that "Our statutes clearly contemplate that before city authorities undertake any improvement to be paid for by special assessment they must create an improvement district. Section 3698 et seq., C.L.1913 [Now Sec. 40–2201 (4)]. The creation of such district has been held by this court to be a jurisdictional prerequisite. Kvello v. [City of] Lisbon, 38 N.D. 71, 164 N.W. 305." See also Minneapolis, St. P. & S. St. M. R. Co. v. City of Minot, 51 N.D. 313, 199 N.W. 875, 37 A. L.R. 211.

It will, therefore, not be necessary for this court to pass upon any of the proceedings taken at subsequent meetings based on the void resolutions establishing the paving districts. Since the council had failed to establish jurisdiction for proceeding with the paving all proceedings in furtherance of that paving were void.

The judgment of the district court is, therefore, reversed.

The case is remanded to the district court with directions to enter a judgment granting a permanent injunction.

BURKE, C. J., and JOHNSON, SATHRE and MORRIS, JJ., concur.