VIRGINIA B. HART, Chairman Department of Industry, Labor andHuman Relations
In light of the recently enacted tuition requirements for schools in the vocational, technical and adult education system, ch. 39, secs. 288 and 728, Laws of 1975, and in light of the fact that over 90 percent of indentured apprentices in this state attend local vocational schools in order to satisfy the related instruction requirements of their apprenticeship indentures, you request my opinion on the legality of charging such tuition to apprentices indentured under ch. 106, Stats., for such required, related instruction. Specifically, you ask:
 1. Whether the tuition requirement violates the intent of sec. 106.01 (10), Stats.?
 2. Whether the state can legally require that apprentices pay tuition to attend local vocational schools as a condition of their apprenticeship?
 3. Whether the tuition requirement can be applied to apprentices whose indentures were approved before enactment of the tuition requirement?
 4. Whether the tuition requirement applies only to students, and if so, whether it can apply to persons who are employed apprentices, as defined in sec. 106.01 (1), Stats., when attending vocational school classes? *Page 38 
In an earlier opinion, 64 OAG 24 (1975), I concluded that there is no constitutional prohibition against the charging of tuition for any course of instruction offered at a school in the vocational, technical and adult education system. I further concluded that the charging of such tuition, and the manner and extent whereby such charges are to be made, are policy matters which the legislature is free to determine in the exercise of its legislative power. It is my opinion, for the reasons stated below, that the legislature has established no legal impediment to the charging of such tuition to apprentices indentured under ch. 106, Stats., for the related instruction that apprentices must receive as a condition of their apprenticeship.
An apprentice, as defined in sec. 106.01 (1), Stats., is any person, 16 years of age or over, who enters into a contract whereby services are exchanged for instruction in any trade, craft or business. The contract entered into between an apprentice and an employer is known as an "indenture." sec. 106.01 (2), Stats., and must contain, inter alia, a requirement that the apprentice spend no fewer than a specified number of hours in related instruction. Sec. 106.01 (S) (d), Stats. The employer must pay the apprentice for time spent in such required, related instruction at the same rate per hour as for services. Sec.106.01 (6), Stats.
Section 106.01 (10), Stats., requires:
 ". . . all school officers and public school teachers to cooperate with the department and employers of apprentices to furnish, in a public school or any school supported in whole or in part by public moneys, such instruction as may be required to be given apprentices.
In answer to your first question, I do not believe that the intent of sec. 106.01 (10), Stats., is violated by the charging of tuition to apprentices for instruction at vocational, technical and adult education schools. Section 106.01 (10), Stats., is a declaration of legislative intent to promote public education of persons engaged as apprentices. 31 OAG 155, 158 (1942). Publicly funded schools must cooperate in furnishing the kinds of instruction required of apprentices, but this is not inconsistent with charging apprentices tuition for the instruction they do receive.
Your second question, whether the state can legally require that apprentices pay tuition to attend local vocational schools as a *Page 39 
condition of their apprenticeship, assumes certain facts which are not necessarily correct. The state does require that persons who attend vocational schools pay tuition. Sec. 38.24 (1), Stats., as amended by ch. 39, Laws of 1975. The state also requires that apprentices spend a certain number of hours in related instruction. Sec. 106.01 (5) (d), Stats. It does not follow, however, that the state requires apprentices to receive such related instruction at public vocational schools which charge tuition. My predecessors have pointed out that the question of which school an apprentice should attend is to be decided by agreement between the apprentice and the employer, 18 OAG 177, 178 (1929), subject to the approval of the department. 40 OAG 248, 250 (1951); Ind 85.01 (3) and Ind 85.08 (2), Wis. Adm. Code. Granting, however, that the vast majority of apprentices do in fact attend public vocational schools to receive the related instruction required by sec. 106.01 (5) (d), Stats., and their indentures, I believe that the state may lawfully require such apprentices to pay the tuition charges, and at the same time, require them to attend a minimum number of hours of related instruction.
In answer to your third question, whether an indenture was entered into before or after enactment of the tuition requirement has no legal bearing on the state's power to enact the tuition requirement. The state lawfully can apply its tuition requirement to apprentices whose indentures were made and approved before imposition of the requirement. Moreover, any unanticipated difficulty or expense to the apprentice, resulting from the tuition requirement, is not likely to relieve the apprentice from his or her indenture. cf. Clune v. School District (1918),166 Wis. 452, 166 N.W. 11, 6 A.L.R. 736. If the apprentice is unable or fails to complete the instruction required by the indenture, the department may declare the indenture at an end. Sec. 106.01
(5j), Stats.
Your fourth and final question asks, in essence, whether employed apprentices who are paid for the hours they attend vocational schools are somehow exempt from student tuition charges by virtue of their paid, employment status. I am of the opinion that they are not. Section 38.24 (1) (C), Stats., as amended by ch. 39, Laws of 1975, exempts from the tuition requirement for vocational adult programs those students enrolled in adult high school, adult basic education and English as a second language. There are no other exceptions to the tuition *Page 40 
requirement. It is a basic rule of statutory construction that where there is an express exception in a statute, the statute applies to all other cases not excepted and no other exceptions will be read into it. In Re Monks Club, Inc. (1964),64 Wash. 2d 845, 394 P.2d 804, 807. Accordingly, since those classes of persons specifically exempted from the tuition requirement do not include apprentices, I believe that such requirement is applicable to apprentices regardless of the fact that they are paid by their employers for the time they spend in vocational school instruction.
It may be that there is a reasonable basis for exempting apprentices as a class from the tuition requirement. 31 OAG 155, 158-159 (1942). Nonetheless, it is for the legislature to determine whether tuition should be charged at schools in the vocational, technical and adult education system, and which classes of persons should be exempted from any tuition requirement.
BCL:DCR