The Honorable Roy C. "Bill" Lewellen State Senator P.O. Box 403 Marianna, AR 72360
Dear Senator Lewellen:
This is in response to your request for an opinion on the following questions:
 1. Can the Mayor vote as the 5th member of a City Council to break a tie in order to adopt a city redistricting plan?
 2. If the City Council convenes with all eight members present, then four members leave the meeting, can the Council continue to take action without a quorum present?
 3. If the four City Council members leave the meeting, can the Mayor act as the fifth vote for passage of city business?
 4. Under questions two and three, can four City Council members with the vote of the Mayor pass ordinances, recess instead of adjourning the meeting, reconvene the following day, recess again, reconvene the next day in order to meet the requirement that ordinances must be read three times unless the rules are suspended by a 2/3 vote? [Emphasis original.]
 5. Can the City Council continue to meet with less than a majority (four of eight) on its regularly scheduled date simply by recessing each meeting and declaring each subsequent meeting a continuation of the last meeting? [Emphasis original.]
 6. Under question four, can the mayor and four City Council members continue to pass ordinances and make appropriations for expenditures under this type of situation?
Your first question cannot be answered with a simple "yes" or "no," without reference to the specific factual setting in which the vote is taken. It is clear, under A.C.A. § 14-43-501, that the mayor ". . . shall have a vote when his vote is needed to pass any ordinance, bylaw, resolution, order, or motion." I assume that the plan in question is to be adopted by ordinance or order. The mayor's vote could, it seems, be exercised in the event of a tie. To that extent, therefore, it may be concluded that the answer to your question is "yes." But it should be recognized that issues may remain regarding the validity of the council's action including, for instance, the question of whether a quorum exists for the transaction of business, as required under A.C.A. § 14-43-501(a)(2)(A) (1987). See discussioninfra (response to question 3).
In response to your second question, while a question of fact may exist regarding the actual presence or absence of the members, depending upon the particular circumstances, it is my opinion that the answer is, generally, "no."
It is clear that "a majority of the whole number of aldermen" is necessary to constitute a quorum for the transaction of business. A.C.A. § 14-53-501(a)(2)(A) (1987). A number less than that required for a quorum, cannot convene and transact business.McQuillin Municipal Corporations § 13.27a (3rd ed.). It has been stated, generally, that in order to constitute a quorum, the requisite number of members must be actually present at the meeting. See 62 C.J.S. Municipal Corporations § 399 (1949);see also Kaeble v. Mayor of Chicopee, et al.,311 Mass. 260, 41 N.E.2d 49 (1942); Green v. Beste, 76 N.W.2d 165 (N.D. 1956); Cromarty v. Leonard, 26 Misc.2d 405, 211 N.Y.S.2d 933
(1961); Fargnoli v. Cianci, 121 R.I. 153, 397 A.2d 68 (1979). In Fargnoli v. Cianci, supra, the Rhode Island Supreme Court rejected the contention that absence may be equated with abstention in calculating a quorum. (Ordinarily, in the absence of a specific provision to the contrary, members who are present but not voting may be counted to constitute a quorum. McQuillin
at § 13.27b.) This case involved the departure of several members from the council chamber as a means, according to the Court, of breaking a quorum. 397 A.2d at 76, 77. The Court first noted that ". . . it would be a difficult task indeed to define with precision the meaning of the word `present' for purposes of establishing a quorum. . . ." Id. at 75. But following its review of the particular facts in that case, the Court concluded that a quorum did not prevail. Id. at 76. One member had physically positioned himself in the doorway of the chamber, and then once roll had been called, left the city hall. Id. And another had left the chamber after the clerk announced the roll tally. This, according to the Court, left less than a quorum, and left the council "powerless to conduct any further business."Id. at 77. See also Dingwall v. Common Council,82 Mich. 568, 46 N.W. 938 (1890) (cited in Fargnoli, 397 A.2d at 78), upholding a challenge to the council's action where the presiding officer adjourned the meeting without a roll-call vote and the remaining faction continued on with business.
The answer to your third question is, in my opinion, "no," if a quorum would otherwise not be present, i.e., there would be no quorum without the mayor. This conclusion is compelled by the fact that the mayor is not counted in determining a legal quorum. Section 14-43-501(a)(2)(A) states that "[a] majority of the whole number of alderman shall be necessary to constitute a quorum for the transaction of business." (Emphasis added.) See alsoCity of Mena v. Tomlinson Brothers, 118 Ark. 166 (1915).
With regard to your fourth and fifth questions, if the members present at the first meeting do not constitute a quorum, it must be concluded that the answer is "no," based upon the above. The incidental power to adjourn to a future time follows if the regular, stated or called meeting is once duly organized.McQuillin, supra, at § 13.38. It thus seems clear that members who are not sufficient to constitute a quorum cannot transact business at an adjourned meeting. Id. An adjourned meeting is but a continuation of the same meeting. City ofMena, supra. While it is generally accepted that a number less than a quorum may adjourn a meeting to another day for lack of a quorum (McQuillin, at § 13.38a), a quorum will still be necessary at the subsequent meeting in order to transact business. A.C.A. § 14-43-501.
As with the previous responses, the answer to your final question will, in my opinion, depend upon the existence of the quorum that is necessary to transact business at each meeting. Because, as noted above, the mayor is not counted in determining a quorum, it would seem that four members (out of a council of eight) do not suffice. Again, however, the ultimate question of whether a quorum exists involves a factual inquiry that is beyond the scope of an Attorney General opinion. This question is appropriately addressed by legal counsel for the city.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh