CASE 2—PETITION ORDINARY—JUNE 7.

# Berry v. Brislan, &c.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

IMPRISONMENT FOR COST.—Offenders against the penal by-laws and ordinances of a city may be imprisoned for the costs of a prosecution, as well as for the fine, when such imprisonment is authorized by the city charter.

W. H. JULIAN FOR APPELLANT.

1. The imprisonment of appellant was unlawful for the reason that the marshal should have accepted the fine and discharged appellant *to that extent*, whatever course he may have intended to pursue in respect to the cost.

2. Appellant could not be lawfully imprisoned for the cost, which was no part of the penalty. (Gen. Stats., chap. 26, sec. 2; Commonwealth v. Wilson, 3 Ky. Law Reporter, 777; Charter of Frankfort, secs. 21 and 24; State Constitution, art. 13, sec 19; Constitution of United States, art. 13.)

3. The Legislature possesses no power to grant an *exclusive* privilege to officers of Frankfort, enabling them to enforce payment of their fees by imprisonment, other officers having no such right. (12 Bush, 110; 80 Ky., 608; Cooley's Const. Limit., 5th ed., 364; Slaughter-house Cases, 16 Wall., 36.)

4. Such legislation is against public policy, and for that reason should be held for naught. (Bishop on Criminal Law, sec. 140.)

5. If the court has a reasonable doubt as to the validity of a criminal statute, it should be resolved in favor of the citizen. (Bishop on Crim. Law, secs. 15, 114 and 133; Bowling Green & M. R. R. Co. v. Warren County Court, 10 Bush, 724; Wheatly v. City of Covington, 11 Bush, 21.)

6. The general tenor and drift of authorities in other States are against imprisonment for cost in any State of case. (1 Bailey (S. C.), 376; 40 N. J. Law, 264; 35 Stiles (Iowa), 503; 36 Stiles (Iowa), 150; 4 Lea. (Tenn.), 743; 5 Binney (Pa.), 489; 16 Harrison (Ind.), 516; 8 Blackford (Ind.), 229; 17 Ind., 415; 18 Ind., 444; 55 Ala., 133 and 166.)

WM. CROMWELL FOR APPELLEES.

1. The provision of the charter of the city of Frankfort allowing imprisonment for costs is not in violation of either section 19 of the Bill of Rights, Constitution of Kentucky, or of section 1, of article 13,

Constitution of the United States.  (Rev. Statutes of U. S., secs. 991 and 1042; Charter of Frankfort, secs. 18 and 23, Printed Ordinances and Charter, 1879, pp. 91, 96 and 97; Amended Charter of Frankfort, Printed Ordinances and Charter, p. 117; Ordinance of Frankfort, No. 37, sec. 11; Printed Ordinances and Charter, p. 75; Gen. Stats., p. 187, subsec. 2 of sec. 2; Bishop's Criminal Procedure, sec. 870; Dixon v. State, 2 Tex., 482; State v. Mace, 5 Md., 350-1; McCool v. State, 23 Ind., 131; Ex Parte Meyer, 57 Miss., 88; Commonwealth v. Fields, 33 Grattan, 292; Constitution of Kentucky, article 4, section 41; Session Acts 1834-5, p. 282; Session Acts 1839-40, p. 196; Session Acts 1841-2, p. 262; City of Paducah v. Calhoun, 78 Ky., 323; Criminal Code, sec. 304; Bouvier's Law Dictionary, "Penalty;" Idem, "Punishment;" Riley v. State, 16 Conn., 47; Lee v. Cass, 2 Taunton, 213.)

2. Even if the power given to the city of Frankfort to imprison for costs is to be regarded as an *exclusive privilege,* it is not in violation of the Constitution, as municipal corporations are entitled to special and exclusive privileges.  (City of Covington v. Hoadley, &c., 7 Ky. Law Rep., 487; Preston v. City of Louisville, 7 Ky. Law Rep., 797.)

3. Even if the court should be of opinion that the Constitution prohibits imprisonment for costs, appellees can not be held liable in damages, as the process under which the marshal arrested appellant was "fair on its face," and was issued, as he had every reason to believe, by an officer having authority so to do.  (Cooley on Torts, p. 459.)

4. If there is a doubt as to the constitutionality of the statute, it must be resolved in favor of its validity.  (C. & O. R. R. v. Barren Co. Ct., 10 Bush, 613; Collins v. Henderson, 11 Bush, 74.)

JOHN B. LINDSEY on same side.

1. The provisions of the charter and ordinances of the city of Frankfort, taken in connection with the provisions of the Criminal Code of Practice, authorized the imprisonment of appellant for both fine *and costs.* (Criminal Code, secs. 291 and 304; Printed Charter and Ordinances of city of Frankfort, pp. 82, 85, 90 and 96; Amended Charter, p. 116; Ordinances, pp. 8, 19, 24, 74.)

2. Neither the Constitution of Kentucky nor the Federal Constitution forbids imprisonment for costs.  (Constitution of Ky., art. 4, sec. 41; Commonwealth v. Lucas, MS. Op., January, 1887; U. S. Rev. Stats., secs. 1042 and 5328; Slaughter-house Cases, 16 Wall., 68-9.)

JUDGE BENNETT delivered the opinion of the court.

The appellant was fined in the police court of the city of Frankfort one dollar and costs, on a charge of drunkenness and disorderly conduct.  The costs

amounted to five dollars and twenty-five cents. *Ca-pias pro fine* issued against the appellant for said fine and costs, and was placed in the hands of the appellee, Brislan, the marshal of the city of Frankfort, who arrested the appellant, by virtue of said capias, and delivered him to the keeper of the city work-house; and the keeper of the work-house confined him at labor until he discharged the fine and costs, at the rate of fifty cents per day. The appellant, after his arrest by appellee, tendered to him one dollar—the amount of the fine—and demanded his release. But the appellee refused to accept the one dollar and release the appellant.

After the appellant's release from service in the work-house, he sued the appellee, on his official bond, for false imprisonment. The petition and answer agreeing as to the foregoing facts, the lower court dismissed the petition. The appellant has appealed to this court.

Section 2 of chapter 26, General Statutes, provides, that "the laws of costs are not penal." And it is provided by section 289 of the Criminal Code, that "if the punishment of an offense be a fine, the judgment may direct that the defendant be imprisoned until the fine be paid, specifying, however, the extent of imprisonment, which shall not exceed one day for each two dollars of the fine."

The provision of the statute *supra* has reference to the costs in Commonwealth cases, and declares that such costs are not penal. The provision of the Criminal Code *supra* has reference to fines imposed by the Commonwealth.

This court, in the case of the Commonwealth v. Wil-

son, 3 Ky. Law Reporter, 777, construed the provisions
of the statute and Code *supra* as denying the right
to imprison a defendant for costs on a *capias pro
fine* which issued for a fine imposed by the Common-
wealth.  When we remember that the costs in Com-
monwealth cases are not by the statute a part of the
penalty or fine, but are only incidental expenses in-
curred in the way of officers' and witnesses' fees, the
conclusion reached in the case *supra* could not be
avoided.  On the other hand, if the costs were by stat-
ute made a part of the penalty, no one would doubt
that the defendant might be imprisoned for the non-
payment of the costs.

Sections 18 and 23 of the charter of the city of Frank-
fort, and the amendment thereto, provide, in substance,
that the police court of the city may require all offend-
ers against the by-laws and ordinances of the city, who
fail to pay or replevy their fines, and all fees and costs,
to discharge the same by labor in the city work-house,
or on the streets, at the rate of fifty cents per day.  The
ordinance of the city which was passed in pursuance
of the provisions of the charter and the amendment
thereto, provides, in substance, that in case an offender
against the by-laws and ordinances of the city shall
fail to immediately pay or replevy his fine and costs,
a *capias pro fine* shall be issued against him for the
fine and costs, directed to the marshal of the city, who
shall deliver such offender to the keeper of the city
work-house, and he shall safely keep such offender
until he shall have discharged said fine and costs by
labor in said work-house, or on the streets and alleys
of the city, at the rate of fifty cents per day.

So, by the city charter, the costs incurred in prosecuting offenders against the penal by-laws and ordinances of the city is made a part of the punishment or penalty. And it is well-settled that an offense against the by-laws and ordinances of a city and the State are quite distinguishable, and the prosecution at the suit of each proceeds upon different grounds; the one proceeds upon the ground of preserving the peace and good order of the city; the other proceeds upon the ground of preserving the peace, good order and dignity of the State. And the punishment for violating the peace and good order of the city may be different from that prescribed by the State for the punishment of the same acts. In other words, an act may be a penal offense under the laws of the State, and other penalties, under legislative authority, may be imposed for the commission of the same act by the city by-laws, and the enforcement of the one would not preclude the enforcement of the other. (Kemper v. Commonwealth, 85 Ky., 219.)

We conclude, therefore, that the provision of the General Statutes and the provision of the Criminal Code *supra*, have reference to fines and penalties imposed under the laws of the State, and have no reference to fines and penalties imposed by cities, under authority of law, against those who offend against their by-laws and ordinances. And where the charters of cities, as in this case, authorize the confinement of offenders against their by-laws and ordinances until their fines and costs are discharged by labor or otherwise, such by-laws and ordinances make the costs a part of the punishment or penalty, and are not in conflict with either provision of the statute or Code *supra*.

And that such by-laws and ordinances are not in conflict with either the State or Federal Constitution is too plain for argument.

The judgment of the lower court is affirmed.