## Noble, et al v. Williams, et al.

(Decided November 7, 1912.)

### Appeal from Breathitt Circuit Court.

Schools and School Districts—Voluntary Payment of Rent of Schoolhouse and Furnishing of Supplies by Teacher.—A teacher of a common school who voluntarily pays rent for the schoolhouse and furnishes fuel and supplies necessary to the conduct of the school, cannot recover the amount so expended in an action against the school board. In contracting and paying these obligations the teacher was a volunteer. If the board made it impossible to conduct the school by failing to furnish a place to conduct it, the teacher had a right of action upon his contract. He had no right to voluntarily pay an obligation which was not his.

G. W. FLEENOR for appellants.

CHESTER BACH for appellees.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

According to the allegations of the petition the appellants, the plaintiffs, were hired to teach the public school in Jackson, Kentucky, for the fall term of 1908. The school board failed to pay rent for the schoolhouse, to buy the coal, to furnish the seats, crayons, blackboards, and the like, incident and necessary to the conduct of the school. Plaintiffs allege that they, in order to conduct the school, were obliged to and did pay the rent and buy the supplies. They allege no request by the school board that they should do so, nor any promise by the board to reimburse them. They sought to recover nevertheless, against the appellee board for these expenditures. The circuit court sustained a demurrer to their petition, and they appeal.

The circuit court was right. The teachers, in contracting and paying these obligations, were volunteers. No man entirely of his own volition can make another his debtor. The school board could have been required by mandamus, at the suit of any proper party, to furnish a place for the conduct of the school. The teachers had no right to supply it themselves, and then recover the rent. They had their teaching contract; and if the board made it impossible for them to teach by failing to furnish a place for conducting the school, they had their right of action on their contract, subject to the custom-

ary principles involved in such cases.' They adopted neither of these courses, but instead voluntarily paid an obligation which was not theirs.

Judgment affirmed.