### Causey, et al. v. Cohron.

(Decided October 19, 1926.)

### Appeal from Butler Circuit Court.

1. Costs.—Costs should be awarded either by order, judgment or decree, according to nature of case, and unless so awarded are unenforceable.

2. Costs.—Where costs are omitted from judgment, court may by supplementary order award costs, such omission being mere clerical misprision.

3. Limitation of Actions.—Where judgment did not include award for costs, claim for costs was mere open account and could be barred by statute of limitations.

4. Costs.—Where plaintiff, one of joint defendants in former proceeding, paid costs not included in judgment, without judgment or execution requiring him to do so, he was a volunteer and could not recover from joint defendants.

G. V. WILLIS for appellants.

MAE HELM and E. N. MAYHUGH for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

About 1915, A. A. Sharer sold to John Causey a mule for $165.00, taking his note therefor with J. T. Causey and F. W. Cohron as sureties. Later John Causey sold the mule for $120.00 and applied that sum upon the purchase price, reducing the debt to $45.00. Upon his failure to pay the balance Sharer sued him and his sureties in the Butler quarterly court and recovered judgment for $45.00. The defendants appealed to the Butler circuit court, where the case was again tried with a like result. The judgment entered in that court reads:

"It is therefore adjudged by the court that plaintiff, A. A. Sharer, recover of the defendant, J. T. Causey, J. A. Causey and F. W. Cohron, the sum of $45.00 with six per cent interest thereon from March 12, 1913, until paid and *fi fa* may be issued therefor, and this cause is stricken from the docket." Nothing was said in the judgment about costs. The defendants paid the $45.00 but did not pay the cost. This was in 1916. The costs amounted to $129.90. In 1924 this action was commenced by appellee, Cohron, against Laura Causey, Emerson Causey, John Causey and Clarence Causey, as descendants of J. T. Causey, now dead, to recover the costs aforesaid and to subject two small tracts of land averred to have belonged to J. T. Causey, the father of the defendants, but now dead, which lands had descended to his children and heirs, on the grounds that J. T. Causey with J. A. Causey was jointly liable for the cost in the original suit, the prayer being for judgment against the defendants for the sum of $129.90, with six per cent interest from May 8, 1916, until paid, and the further prayer that the deeds made by the defendants transferring the lands inherited from J. T. Causey be cancelled and set aside and the lands subjected to the payment of the $129.90, with interest. Judgment was entered in favor of appellee, Cohron, against the Causeys for the full amount of the alleged cost, and, also cancelling the deeds and subjecting the lands to the payment of the costs. From that judgment this appeal is prosecuted. In resisting the action in the circuit court the Causeys attempted to plead payment and also limitation. A demurrer to this answer was overruled, as was also a demurrer to the petition.

Appellants now insist that inasmuch as there was no judgment for costs in the original suit the claim for costs was a mere open account against which the statutes of limitation have run, barring and tolling the same five years after May 8, 1916, the date of the judgment, and long before the institution of this action in 1924. There is a dearth of authority upon the question of whether costs must be awarded by a judgment. However, it seems to be the general rule that costs should be awarded either by an order, judgment or decree, according to the nature of the case, and unless so awarded are unenforceable. Of course, interlocutory costs should be by order, while final costs should be awarded in the judgment if at law, and by decree if in equity. Where costs

are omitted from the judgment the court may by supplemental order award the costs, such omission being a mere clerical misprision. Until the judgment is corrected so as to award cost no execution or other compulsory process may be awarded for cost. 15 C. J. 172-73; 33 C. J. 105; East Tennessee Land Company v. Leeson, 185 Mass. 4; Rubenstein v. Lotow, 107 N. E. Reporter (Mass.) 718. In the latter case it was said that the amount of costs which are to be paid should be stated in the decree, and the opinion then proceeds to set out the form of decree which should be entered, which is in substance as follows:

> "The defendant is hereby directed to pay the plaintiff, cost amounting to $—— and execution is to issue therefor."

No such form is necessary in this jurisdiction, any words clearly indicating an award of costs being sufficient. The texts to which we have referred merely say that costs should be awarded by proper order, judgment or decree, as the case may be, and that the order, judgment or decree should direct by and to whom it is to be made, and award execution or other process. The judgment in the instant case should have embraced the costs. The omission could have been cured by motion subsequently made to correct the clerical misprision by awarding cost, had the plaintiff sought to do so. No award for cost having been made by the judgment the claim upon that item was a mere open account and was subject to be barred by the statutes of limitation as other such accounts, by the expiration of five years. If appellee, Cohron, as is averred in the petition and claimed by him, paid the cost he did so voluntarily because no compulsory process could have issued. Indeed appellee does not claim to have been compelled to pay the cost by fi fa or other such process. In the payment of the cost he was, therefore, a volunteer as to J. T. Causey and J. A. Causey, who were jointly liable with him. One who voluntarily pays the obligation of another cannot in an action like this recover of the debtor the sum so paid. City of Louisville v. Anderson, 79 Ky. 334; Noble v. Williams, 150 Ky. 439, 42 L. R. A. (N. S.) 1177; City of Morganfield v. Wathen, 202 Ky. 641. One cannot voluntarily become the creditor of another so as to enforce his claim in a court. If Cohron paid the cost in 1916, without judgment or execution re-

quiring him to do so, the payment was voluntary only and he is not now entitled in this action to recover the amount, or any part thereof, of the Causeys, who were joint defendants with him in the original judgment. Moreover, one cannot pay a debt of another barred by the statutes of limitation and thus keep it alive. The trial court should have dismissed appellees' petition, and its failure to do so was prejudicial error, requiring a reversal of the judgment for orders consistent with this opinion.

Judgment reversed.