## Bell County v. Minton et al.

(Decided June 19, 1931.)

MARTIN T. KELLY and WALTER B. SMITH for appellant.

ARTHUR W. RHORER and J. E. SAMPSON for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

This appeal again presents for construction and application section 2554a-16, Ky. Statutes, which is in this language:

> "Any peace officer making an arrest of any person for any violation of this act shall, upon final conviction of defendant, receive a fee of five dollars to be taxed as costs, and if not paid as costs then same shall be allowed by the fiscal court of the county and paid out of county funds."

We have considered this section in the following cases: Duke v. Boyd County, 225 Ky. 112, 7 S. W. (2d) 839; Hawkins v. Fiscal Court of Caldwell County, 233 Ky. 432, 25 S. W. (2d) 1015; Madison County v. Chambers, 236 Ky. 294, 33 S. W. (2d) 18.

The issue made and necessary to be determined in this case was not presented, discussed, or considered in the cases supra.

Charles H. Minton and Cloyd Byrd and 24 others during the years 1926, 1927, 1928, 1929, and 1930 were the duly appointed, qualified, and acting policemen of the city of Middlesboro, Ky. As such policemen, they arrested during those years 1,840 persons, charged with violations of section 2554a-1 et seq., relating to intoxicating liquors. Charles H. Minton and Cloyd Byrd filed, for themselves and the other 24 policemen, an action in the Bell circuit court against Bell county to recover under section 2554a-16 the $5 fee for arresting the 1,840 persons on such charges, aggergating $9,200. The trial court found they were entitled to recover nothing in 960 cases in which it appeared that the fines and costs were actually collected; nothing in 272 cases in which it appeared "that the defendants were given time" in which to pay the judgments; nothing in 162 cases in which it appeared that defendants paid part of the judgment and were given time on the remainder. The court rendered judgment against the county for the $5 fee in 417 cases, or for $2,085. From this judgment Bell county appeals.

During the progress of the trial, an agreed statement of facts was entered into, wherein it was stipulated that "it is agreed that the $5.00 prohibition fee was not taxed as costs in any cases for which said suit is brought to collect same, and was not paid as part of the costs or taxed as part of the costs." A further stipulation was made that the officers who made the arrests of the defendants were present at the trials, and that they (the officers)

"saw the taxation of costs made, and did not in any instance make any request for the fee for which they are now suing, to be taxed as costs; they made no demand that same be taxed by the judge of the police court or any clerk of the same at any time."

From our view of the case, its determination is controlled by the language of section 2554a-16, the agreed statement of facts, and other sections of the statutes and the Criminal Code of Practice hereafter alluded to.

Section 2554a-16 must be construed in connection with sections 904, 886, 1136, 1760, 3363, and 2554a-10, Ky.

Statutes, and sections 291 and 301, Criminal Code of Practice.

Section 904 provides that

> "clerks shall tax . . . all fees of officers . . . chargeable within the case."

> "The defendant in a criminal prosecution shall be adjudged to pay the costs . . . and, if convicted of a misdemeanor, all costs unpaid may be collected in the same manner as a fine."

Section 886, supra.

> "In cases where the punishment is a fine or imprisonment in the county jail, or both, the imprisonment shall be by close confinement in the jail of the county where the trial was held, unless otherwise provided; and the prisoner shall also be confined in the jail until the costs are paid, unless otherwise provided." Section 1136, Ky. Statutes.

> "In judgments against the defendant for a misdemeanor, a judgment for costs, in addition to the other punishment, shall be rendered, which shall be taxed by the clerk, and shall be for the benefit of the officers rendering the services." Section 291, Criminal Code of Practice.

All fines and costs assessed against any person under the Rash-Gullion Act and not paid or replevied shall be served out by confinement at hard labor at one day for each $2 of such fines and costs. Section 2554a-10, Ky. Statutes, and section 1378, Ky. Statutes.

In cities of the third class, the class to which the city of Middlesboro is assigned by the statute,

> "in all cases prosecuted in the police court the defendant shall stand committed to the city prison until the fine and costs are paid or replevined." Section 3363, Ky. Statutes; Berry v. Brislan, 86 Ky. 5, 4 S. W. 794, 9 Ky. Law Rep. 223.

It is conceded by the officers who seek to compel the county to pay them the $5 fee for each defendant arrested by them and convicted in the police court of the city of Middlesboro, under section 2554a-16, supra, that that section of the statute and all other sections of the Statutes and Code relating to the subject-matter of costs were ignored by the judge of the police court, the clerk thereof, and the arresting officers themselves. Without

the costs being taxed against the convicted defendants, it is plain from a mere reading of the Statutes, supra, that same could not have been collected of them by any remedy provided by law. It is clearly as apparent that, unless the costs included the $5 fee, and were taxed as provided by the statute and Code provisions, supra, the same did not, and could not, become a part of the judgment against the convicted defendants. When the $5 arresting fee is so taxed, it is collectible as a part of the judgment, and is to be paid or collected in the same manner as the fine may be collected, and, if it is not taxed as costs, it is apparent that it is not so collectible, and cannot be collected of the defendant. A judgment against a convicted defendant for costs must be rendered by the court in which he is tried, and such judgment is in effect a decree for the amount the clerk may tax. Mc-Cann v. Gouge, 9 B. Mon. 56; Berry v. Brislan, supra; Pilcher v. Ligon, 91 Ky. 228, 15 S. W. 513; 12 Ky. Law Rep. 860; Causey v. Cohron, 216 Ky. 164, 287 S. W. 544.

In Causey v. Cohron, supra, we said:

"It seems to be the general rule that costs should be awarded either by an order, judgment, or decree, according to the nature of the case, and unless so awarded are unenforceable. . . . No award for cost having been made by the judgment, the claim upon that item was a mere open account . . . because no compulsory process could have issued. . . . One who voluntarily pays the obligation"

cannot recover it of him for whose benefit it was paid. City of Louisville v. Anderson, 79 Ky. 334, 42 Am. Rep. 220; Noble v. Williams, 150 Ky. 439, 150 S. W. 507, 42 L. R. A. (N. S.) 1177; City of Morganfield v. Leo Wathen Drug Co., 202 Ky. 641, 261 S. W. 12. One cannot voluntarily become the creditor of another so as to enforce his claim in a court.

Section 2554a-16 expressly provides for and requires the $5 fee to be taxed as costs, which when so done, by virtue of the other sections of the statute, supra, becomes a part of the judgment, and may be so enforced and collected in the same manner in which the fine imposed against a defendant may be enforced and collected. The language of the statute contemplates that the fee should be taxed, not only against the defendant, but paid by him in cash or by confinement in jail at hard

labor. When taxed as provided by this section of the statute, if the convicted defendant fails to so pay it in the manner and form in which the fine by law is required to be satisfied, in that event it becomes the duty of the fiscal court to pay it to the arresting officer out of the county funds. The taxing of the fee and the so collecting of it of the convicted defendant are made by the statute conditions precedent to the liability of the county for its payment to the arresting officer. A convicted defendant is primarily liable to the arresting officer for the payment of the fee, and the county is only contingently liable, i. e., (a) if it be taxed as costs, and (b) not paid by the convicted defendant. Without the $5 arresting fee having been so taxed and thereby becoming a part of the punishment against the convicted defendant, such defendant is not liable to the arresting officer for it. At most, the officer has nothing more than an open account against the defendant for the arresting fee.

It is admitted that the arresting officers in this case had actual knowledge of the failure of the proper officer to tax the $5 arresting fee at the time the costs were taxed in the cases, and with this knowledge they acquiesced in such failure. Such action and conduct are equivalent to, and may be regarded as, a waiver by them of their desire and right to have the fee taxed and of their right to collect it, even against the defendants, much less against the county. If at the time a defendant was convicted he was solvent, and the fine and costs against him could have been collected by a writ of execution against his property as authorized by section 301, Criminal Code of Practice, it cannot be said that it was the purpose in such event for the arresting officer to have a right to collect the fee of the county and thus enable a convicted defendant to escape his liability and save his property at the expense of the county. Against one convicted of a misdemeanor, after an execution has been issued against his property and returned ''no property found,'' an action in equity will lie to discover and subject defendant's property to the payment of the fine and costs, or either. Claryville, Etc., Co. v. Com., 107 S. W. 327, 32 Ky. Law Rep. 861.

By failing to tax the $5 fee as costs and the failure of the arresting officer to have it taxed, or, in case of the clerk of the court failing to tax it, to have the taxation corrected so as to include it, deprived the county of all its rights therefor against the convicted defendant. If

the clerk failed or refused to tax it as costs, the arresting officer had a right, and it was his duty, to have the taxation corrected and the $5 fee included. McCann v. Gouge, supra. It is shown by the stipulation of facts that they were present at the time of the taxation of the costs and knew the $5 fee was not included, nor have they since taken steps to have the taxation corrected. The convicted defendants by reason of its not being so included, when serving out the fines imposed by the judgment, escaped serving time for the $5 fee, and, so far as the record shows, were discharged from jail, and from further liability on the judgment against them as to the $5 fee. The convicted defendants thereby escaped both the payment and the confinement in jail for the $5 arresting fee. The county has been placed thereby in an attitude that prevents it from collecting of the convicted defendants the $5 fee, even if it could be collected by an execution against their property. If it had been taxed as required by the statute and paid by the county, the county would be entitled to recover it of the defendant. Livingston County v. Crossland, 229 Ky. 733, 17 S. W. (2d) 1018.

The actions of the police court and the arresting officers strongly indicate an intention to relieve the convicted defendants of the payment of the $5 arresting fee, which they were without authority to do as against the county. The actions and conduct of the arresting officers, if not an estoppel, at least constitute a waiver of their right to collect the $5 arresting fee, not only of the convicted defendants, but of the county. "A 'waiver' is the voluntary surrender or relinquishment of a known legal right or intentionally doing an act inconsistent with claiming it." Words & Phrases, 3d Series, vol. 7, p. 917; Central Life Ins. Co. v. Roberts, 165 Ky. 296, 176 S. W. 1139; Ades v. Wash, 199 Ky. 690, 251 S. W. 970; Bonar v. Com., 180 Ky. 338, 202 S. W. 676; James v. Com., 197 Ky. 577, 247 S. W. 945. The statute by virtue of which the arresting officers seek to recover the $5 fee was repealed by the last session of the General Assembly, 1930 Acts, c. 128. The question as to the effect of the repeal of this statute or the right of the arresting officers to collect the fee by virtue of the repealed statute is not determined.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.