## Knott County et al. v. Hays, Sheriff.

(Decided Feb. 1, 1935.)

CLARK PRATT for appellants.

H. H. SMITH and J. C. BURNETTE for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This proceeding was commenced by the filing of a claim by appellee, Farris Hays, sheriff, for $895 in arresting fees, before the fiscal court of Knott county.

The fiscal court denied the claim, and appellee appealed to the Knott circuit court. He filed only the order of the fiscal court, and a copy of his claim, without any petition or statement of appeal. His claim contains a detailed tabulation of some hundred and seventy odd arrests made under the Rash-Gullion Law (Laws 1922, c. 33) in 1930 and 1931.

The county filed what it calls an "answer," grouping large numbers of claims and alleging the circumstances surrounding each group, by way of showing that the county is not responsible for the fees claimed. No reply or response of any kind was filed to this answer. As we read the answer, however, it is possible that there are some of the claims which should be paid.

The circuit court entered a judgment in favor of the sheriff for the full amount sought—for what reason we do not know. There is nothing in the record to show that any proof was heard, except a judgment entered December 23, 1933, which was set aside by the judgment appealed from, entered December 30, 1933. The judgment that was set aside recited that the case was submitted "upon the statement of appeal, pleadings, *proof* and exhibits." The second judgment contains no such recital, and we have the certificate of the clerk that this is the entire record in the case. The first judgment may have been set aside for the very reason that it recited incorrectly the matters upon which the case was submitted. Certainly there was no "statement of appeal." Possibly there was no proof. Under the circumstances, we cannot presume that the court heard any proof or that it had before it anything more than is presented to us. There is, therefore, no room for a presumption that the lower court heard evidence which would sustain its finding. On the pleadings as presented, there was no issue to try.

The claim filed by appellee fails to show whether or not any of these fees were taxed as costs. The "answer" alleges affirmatively that in the great majority of cases the fee was not so taxed.

In the case of Bell County v. Minton, 239 Ky. 840, 40 S. W. (2d) 379, we undertook to specify the exact steps which must be taken before a county may be held liable for arresting fees under section 2554a-16 of the Statutes. The convicted defendant is primarily liable

to the arresting officer for the payment of the fee, and the county is only contingently liable. To fix liability against the county, the fee must be (a) taxed as costs and (b) not paid by the convicted defendant. If the clerk failed to tax the fee, and if the arresting officer failed to have this oversight corrected, the county is thereby prevented from recovering from the convicted defendants either in cash or in time served. We held in Bell County v. Minton, supra, that this constituted a waiver by the arresting officer of the fee allowed him by this statute; that it was his duty to see that the fee was taxed, if he intended to claim it.

Upon the return of this case to the circuit court, the appellee will be permitted to file a response to the answer of the county, if he desires to do so, and the court will hear proof upon any claims on which the parties make an issue.

We are not unmindful of the fact that section 2554a-16 was amended in 1930 (Laws 1930, c. 128). Webster County v. Overby, 240 Ky. 461, 466, 42 S. W. (2d) 707. No question as to the effect of this amendment is presented in argument, and we have not considered it.

The judgment is reversed for proceedings consistent with this opinion.