VÍCTOR ROSARIO, Petitioner and Appellant, *v.* JOSÉ M. GALLARDO, COMMISSIONER OF EDUCATION OF PUERTO RICO, Respondent and Appellee.

No. 9119. Argued May 8, 1945.—Decided May 28, 1945.

*Virgilio Brunet* for appellant. *Jesús A. González, Acting Attorney General,* and *G. Benítez Gautier, Deputy Attorney General,* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

On January 8, 1940, the petitioner-appellant, a Teacher of Industrial Arts in the Arecibo High School, was suspended

from employment and salary by order of the Commissioner of Education. By a judgment dated June 22, 1943, affirming the one rendered by the District Court of San Juan, this court sustained a petition for mandamus filed by said teacher and ordered his reinstatement in the position formerly occupied by him.[1] The respondent was further directed "to order payment to the petitioner of the salaries which he had failed to receive during the whole period of his suspension and which amounted to $735.75." This was the amount claimed in the original petition for salary due and not paid to the petitioner from January 8, 1940, the date of his suspension, to the date of the filing of said petition, June 20, 1940.

The suspension of the petitioner lasted from January 8, 1940, to August 24, 1942, when he was reinstated in his position by the respondent Commissioner, in compliance with the order of this court.

In the petition for mandamus filed in the present case, the petitioner admits that the respondent has paid to him the sum of $735.75 to cover the salary from January 8 to June 20, 1940; but he alleges that the respondent has failed to pay to the petitioner the salary pertaining to the period from June 20, 1940, to August 24, 1942, the date of his reinstatement, or a total period of 25 school months, at the rate of $135 monthly, making a total of $3,375, which sum the respondent has refused to pay notwithstanding the demand made upon him.

It is further alleged in the petition that, after the petitioner had been reinstated in his position, he continued to discharge the duties thereof until October 13, 1942, when the respondent unlawfully ordered his transfer to the Aguadilla High School; that feeling aggrieved by said transfer, the petitioner applied to the District Court of San Juan for a writ of mandamus, which was issued pursuant to a judgment

---

[1] *Rosario* v. *Gallardo, Commissioner,* 62 P.R.R. 255.

of July 28, 1943, ordering the respondent to reinstate the petitioner in his position in the Arecibo High School; that it was not until August 9, 1943, that the respondent reinstated the petitioner, who failed to receive the salary pertaining to the ten school months elapsed from October 13, 1942, to August 9, 1943, at the rate of $135 monthly and amounting to $1,350, which the respondent refuses to pay, notwithstanding the repeated demands made upon him therefor.

The petitioner alleged that the respondent had at his disposal sufficient funds to satisfy the amount claimed, and prayed for the issuance of a writ of mandamus directing the respondent to order the payment of the same.

In opposing the petition the respondent alleged, in substance, as follows:

1. That the amount claimed by the petitioner has not been paid to him because during the whole period of his suspension the petitioner failed to render services in any school or in the Department of Education.

2. That in his first petition for mandamus, the petitioner only demanded the payment of the salary pertaining to the period from January 8 to June 20, 1940, amounting to $735.75; and that this was the only sum which the Supreme Court directed to be paid to the petitioner. That in his second petition, the petitioner failed to claim the payment of any salary.

3. That the respondent has not at his disposal any funds available for the payment of the amount claimed.

On December 11, 1944, the District Court of San Juan rendered judgment denying the petition herein and discharging the writ issued. The petitioner thereupon took the present appeal, and he urges that the judgment appealed from is erroneous and contrary to law.

The grounds of said judgment are as follows:

(a) That the respondent complied with the pronounce-

ment of the judgment rendered by this court when he paid the petitioner the sum of $735.75.

(b) That this court, by an order of December 14, 1943, denied a motion of the petitioner for amending the judgment of June 22, 1943, so as to make it applicable to the entire period during which the petitioner had been suspended from employment and salary.

(c) That from the judgment rendered by the Supreme Court there does not arise "any ministerial act which the respondent is bound to perform and whose performance may be compelled by this court."

The lower court erred in denying the petition.

▆▆▆ The two judgments rendered in favor of the petitioner, Víctor Rosario, definitely established that the petitioner had been unlawfully suspended from employment and salary during two distinct periods: the first from January 8, 1940, to August 24, 1942; and the second, from October 13, 1942, to August 9. 1943. In each of said judgments the Commissioner of Education was directed to reinstate the petitioner in his position as Teacher of Industrial Arts in the Arecibo High School which he held on a permanent basis and with a salary of $135 monthly. In the first of said judgments, the Commissioner was directed to order the payment to the petitioner of "the salary which he had failed to receive during the whole period of his suspension and which amounted to $735.75."

At the hearing held before the district court, the parties stipulated "that in the hands of the Treasurer of Puerto Rico there are available for public education funds which exceed the amount claimed."

What are the rights and remedies acknowledged and established by the law and jurisprudence in favor of a school teacher who, while holding a permanent position as such is unlawfully dismissed therefrom?

In Puerto Rico there is no statute empowering the Commissioner of Education to deprive a permanent teacher of

his salary during the period of his suspension, where such suspension has been unlawfully and unjustly imposed, as happened in the case at bar. 62 P.R.R. 259. A teacher is entitled to the payment of his salary, even though he has failed to render services required of him under his contract, if the school authorities knowingly and without just cause, prevented him from discharging his duties as a teacher.[1] One of the rights of a permanent teacher is to have active and continued employment, subject, of course, to suspension or dismissal for the reasons and in the manner provided in the statute.[2]

The decisions of the state courts acknowledge in favor of a teacher, who has been wrongfully suspended and who has been prevented from discharging his school duties, the right to recover the salary pertaining to the period of suspension. See 47 Am. Jur., p. 384, § 121, and cases cited therein.

■ Since the illegality of the suspensions imposed on the petitioner-appellant and his right to be reinstated in his position have been established by final and definitive judgments, there arise from those same judgments the right of the petitioner to receive—and the duty of the respondent Commissioner to pay—the salary which corresponds to the two suspension periods and which, as admitted by the respondent, has not been paid to the petitioner. The duty which the respondent Commissioner has to pay said salary is purely ministerial and does not at all depend on any discretion on the part of said officer.

The judgment appealed from should be reversed and another rendered instead directing the respondent Commissioner, without any pretext or excuse whatsoever, upon being served with notice of said judgment, to order the pay-

---

[1] 47 Am. Jur., p. 384, § 121; *Smith* v. *School District*, 89 Kan. 225, 131 P. 557; *Noble* v. *Williams*, 150 Ky. 439, 150 S.W. 507; *Clune* v. *School District*, 166 Wis. 452, 166 N.W. 11.

[2] 110 A.L.R. 801; 113 A.L.R. 1498; 127 A.L.R. 1310.

ment to the petitioner of the salary of $135 monthly which the latter failed to receive during the whole period of his suspension, that is, during the 25 months elapsed from June 20, 1940, to August 24, 1942, amounting to $3,375, and during the 10 months elapsed from October 13, 1942, to August 9, 1943, amounting to $1,350, or a total of $4,725, with costs.

Mr. Justice De Jesús did not participate herein.