RAFAEL SÁENZ CABEZÓN, demandante y apelado, *v.* RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, demandado y apelante.

Núm. 8537.—*Sometido:* Diciembre 17, 1942. *Resuelto:* Febrero 11, 1943.

*Hon. Procurador General Interino M. Rodríguez Ramos (Ex Procurador General George A. Malcolm, en el alegato) y Eulogio Riera, Procurador Auxiliar, abogados del apelante; Efraim Ramírez Ramírez, abogado del apelado.*

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El 16 de octubre de 1936 el peticionario, Agente de Rentas Internas del Departamento de Hacienda, fué suspendido de empleo y sueldo por haber sido acusado de un delito de

atentado a la vida; y en julio 16 de 1937, después de haber sido absuelto por el jurado, fué repuesto en su cargo. Los sueldos que dejó de percibir durante el tiempo de la suspensión ascienden a la suma de $752.78.

En mayo 2 de 1940 la Asamblea Legislativa aprobó la Ley núm. 122 (Leyes de 1940, pág. 733) por la cual se autorizó al Tesorero de Puerto Rico a pagar y al Auditor a aprobar el pago de la mencionada suma al peticionario.

En la demanda interpuesta en este caso el peticionario alega que el Auditor autorizó el pago de acuerdo con la mencionada ley, pero que el Tesorero, no obstante los numerosos requerimientos hechos por el peticionario, se ha negado a librar la correspondiente orden de pago. Se pide sentencia por la que se ordene al Tesorero que proceda inmediatamente a hacer el pago al peticionario.

Contestando la demanda, el Tesorero alegó que el peticionario fué nombrado en octubre 17, 1935 Agente de Rentas Internas, con carácter temporero y con un haber anual de $950; que después de ser absuelto, el peticionario no fué repuesto en y sí nombrado nuevamente para dicho cargo a partir del 16 de julio de 1937; y que durante el tiempo en que estuvo suspendido el peticionario no devengó sueldo alguno. Como defensas especiales alegó que la petición no aduce hechos suficientes para determinar una causa de acción; que siendo temporero el nombramiento del peticionario, éste no adquirió derecho alguno a recibir sueldos por el tiempo que estuvo suspendido de empleo y sueldo; y que en consecuencia la ley que autoriza el pago de sueldos al peticionario es contraria al párrafo 12 del artículo 34 de la Carta Orgánica de Puerto Rico, aun cuando se resolviera que dicha ley impone al Tesorero el deber ministerial de pagar los sueldos reclamados por el peticionario.

El Tesorero de Puerto Rico, no estando conforme con la sentencia que en su contra dictara la Corte de Distrito de San Juan, ha establecido el presente recurso. Dos son las

cuestiones sometidas a nuestra consideración por los alegatos de las partes. Las discutiremos y resolveremos en el orden de su importancia.

■ 1ª. ¿Infringe la Ley núm. 122 de mayo 2 de 1940 las disposiciones del párrafo 12 del artículo 34 de la Carta Orgánica de Puerto Rico?

Es un hecho admitido por ambas partes que el peticionario, como empleado temporero, no tiene otro derecho a reclamar sueldos durante el período de suspensión que aquel que le haya podido ser conferido por la citada Ley Núm. 122.

El párrafo 12 del artículo 34 de la Ley Orgánica dispone lo siguiente:

"No se aprobará ningún proyecto de ley que conceda compensación extraordinaria a un funcionario, dependiente o empleado, agente o contratista, públicos, después que sus servicios hayan sido prestados o el contrato hecho."

Interpretando el precepto legal transcrito, la corte inferior sostuvo que el mismo se limita a prohibir la aprobación de leyes concediendo compensación extraordinaria a funcionarios o empleados públicos por servicios ya prestados; y que no existe precepto alguno en nuestra Ley Orgánica que prohiba a la Legislatura Insular pagar sueldos a un empleado por el tiempo durante el cual estuviera suspendido de empleo y sueldo.

Sostiene el Tesorero apelante que la interpretación dada a nuestra Carta Orgánica por la corte inferior es errónea; y cita en apoyo de su contención la decisión dictada por la Corte de Distrito de San Juan en el caso de *Thomas E. Benner* v. *Leslie A. McLeod, Auditor de Puerto Rico*, Civil Núm. 24298.

El caso del Dr. Benner puede distinguirse fácilmente del de autos. El Dr. Benner, Canciller de la Universidad de Puerto Rico, fué destituído de su cargo, por la Junta de Síndicos, el día 6 de mayo de 1929. Dos años más tarde, en 28 de julio de 1931, la Junta de Síndicos, considerando que el

Dr. Benner no había tomado vacaciones durante los tres últimos años de su incumbencia como Canciller, acordó concederle 60 días de licencia, con el sueldo correspondiente. Negóse el Auditor a autorizar el pago. La Legislatura aprobó entonces la Resolución Conjunta núm. 11 de 1933 (Leyes de 1932–33, pág. 643), concediendo al Dr. Benner la licencia de 60 días con sueldo. El Auditor se negó a autorizar el pago de los dos meses de sueldo, alegando que la citada ley había sido aprobada en violación del párrafo 12 del artículo 34 de la Carta Orgánica. La Corte de Distrito de San Juan, presidida por el Hon. Angel R. de Jesús, en la actualidad miembro de esta Corte Suprema, se negó a expedir el auto de *mandamus* solicitado contra el Auditor, por entender que la concesión que se hacía al Dr. Benner por virtud de la Resolución Conjunta Núm. 11 de 1933 era una compensación extraordinaria concedida a un funcionario público por servicios que ya habían sido prestados.

La situación que nos presenta el caso de autos es completamente distinta. Es indudable que si contra él no se hubiese formulado la acusación que dió lugar a su suspensión de empleo y sueldo, de la cual fué absuelto, el peticionario hubiera continuado desempeñando sus deberes como Agente de Rentas Internas y recibiendo el sueldo correspondiente a los meses durante los cuales estuvo suspendido. Prueba de ello es que tan pronto como quedó demostrado por el veredicto del jurado que la acusación era infundada, el Tesorero le nombró nuevamente para el mismo puesto que antes ocupaba, hecho que por sí solo demuestra que el peticionario había hasta la fecha de su suspensión cumplido con las obligaciones de su cargo a satisfacción del Jefe del Departamento de Hacienda.

La suma que por virtud de la Ley núm. 122 de 1940 debe pagarse al peticionario no es una "compensación extraordinaria" concedida a un empleado público por servicios ya prestados y pagados, como en el caso de Benner. Creemos

que el espíritu de la ley y la intención del legislador al aprobarla fué compensar o indemnizar a un empleado probo y cumplidor por los daños causádosle por la imputación de un delito del cual era inocente. Y la mejor medida de esos daños era la cantidad que dejó de recibir durante el tiempo en que estuvo suspendido de empleo y sueldo. Opinamos que la citada prohibición de la Carta Orgánica no llega hasta el punto de privar a nuestra Asamblea Legislativa, que ha sido investida de plenas facultades legislativas en asuntos locales (*Puerto Rico* v. *Shell Co.*, 302 U. S. 253), de la facultad de admitir y ordenar el pago de una reclamación justa y razonable. Resolvemos, por lo tanto, que la citada ley no está en manera alguna en conflicto con las disposiciones del párrafo 12 del artículo 34 de la Ley Orgánica.

■ 2ª. ¿Está obligado el Tesorero demandado a autorizar, como un deber ministerial, el pago al peticionario?

La Ley Núm. 122 de mayo 2 de 1940 "autoriza" al Tesorero de Puerto Rico a pagar al demandante la suma concedídale por la Legislatura. Sostiene el Tesorero apelante que el legislador ha dejado a su discreción el autorizar o no el pago al peticionario. Éste, a su vez, alega que el estatuto impone al Tesorero el deber ministerial de efectuar el pago.

En *Mason et al.* v. *Fearson*, 9 How. 260, 13 L. Ed. 125, la Corte Suprema Federal se expresó así:

"Sin entrar en más detalles, estos casos establecen por completo la doctrina de que lo que una corporación o funcionario público está autorizado a hacer para otros y es beneficioso para esos otros que se haga, la ley sostiene que es su deber hacerlo. La facultad es conferida para beneficio de los otros y no para beneficio propio; y la intención de la Legislatura, que debe ser el factor decisivo en estos casos, parece haber sido, dentro de las circunstancias, la de imponer un deber positivo y absoluto."

En *Chase* v. *U. S.*, 261 Fed. 833, la Corte de Circuito para el Octavo Circuito sostuvo:

"Un examen de la legislación del Congreso revela que en muchas de las leyes del Congreso la palabra 'autorizado' es usada frecuente-

mente cuando se impone un deber a un funcionario público ejecutivo, y en ningún caso los deberes impuestos son discrecionales, a menos que después de la palabra 'autorizado' se añadan las otras palabras 'a su discreción'.''

En 7 C.J.S. 1293, 1294 se examina la jurisprudencia interpretativa del término ''authorized'', y se dice:

''En el tiempo pasado, o como participio pasado, *autorizado* ha sido interpretado en el sentido de significar investido de autoridad, credencial o poder legal; instruído; facultado;... sancionado o aprobado por la autoridad... Sin embargo, cuando la palabra es usada en un estatuto que provee para la ejecución de un acto requerido por el deber público o la justicia o cuando están envueltos los derechos de un ciudadano, se ha sostenido que la palabra debe ser interpretada como mandatoria; y que puede llevar implícita la imposición de un deber...o aun un mandato positivo, en ausencia de palabras específicas que la conviertan en discrecional.''

Los hechos y circunstancias del caso nos llevan a la conclusión de que no fué la intención de la Legislatura dejar a la discreción del Tesorero de Puerto Rico el cumplimiento del propósito justiciero de la Ley núm. 122 de 1940.

*La sentencia recurrida debe ser confirmada.*