VÍCTOR ROSARIO, demandante y apelante, *v.* HON. JOSÉ M. GALLARDO, COMISIONADO DE INSTRUCCIÓN DE PUERTO RICO, demandado y apelado.

Núm. 8683.—*Sometido:* Junio 4, 1943. *Resuelto:* Junio 22, 1943.

*Virgilio Brunet,* abogado del apelante; *Hon. Procurador General Interino M. Rodríguez Ramos y G. Benítez Gautier, Procurador Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Víctor Rosario es un maestro permanente de instrucción en Arecibo. El día 8 de enero de 1940 el Comisionado de Instrucción formuló cargos a Rosario por conducta inmoral, suspendiéndolo de empleo y sueldo. La vista de los cargos, que consistían en que cierta noche Rosario había tenido relaciones sexuales con una maestra que era la esposa de otro maestro, se celebró el 17 de abril de 1940. El 17 de junio de 1940 el Comisionado le escribió a Rosario una carta que, traducida al español, lee como sigue:

"Celebrada la vista de los cargos formulados contra usted el 8 de enero de 1940, y después de un cuidadoso examen del expediente del caso, he llegado a la conclusión que la evidencia presentada justifica que se suspenda a usted del servicio. Por tanto, por la presente se le suspende sin sueldo a partir del 8 de enero de 1940 hasta la terminación del año escolar 1939–40; es decir, hasta el 14 de junio de 1940. Además, en bien del servicio, se nombrará a usted para una plaza durante el año 1940–41 en un distrito escolar que no será el de Arecibo."

Posteriormente, Rosario radicó la presente petición de *mandamus* solicitando (*a*) que se le repusiera en la plaza de maestro de Arecibo, y (*b*) que se ordenara al Comisionado librara un mandamiento de pago de su sueldo del 8 de enero al 17 de junio de 1940, ascendente a $735.75. La corte inferior ordenó su reposición en Arecibo, pero se negó a orde-

nar el pago de su sueldo durante el período en que estuvo suspendido. El Comisionado no apeló de aquella parte de la sentencia que anuló el traslado de Rosario a Aguadilla, pero Rosario apeló de la sentencia en tanto en cuanto le negó el derecho a recobrar su sueldo durante el período durante el cual estuvo suspendido.

El récord de este caso es excepcional, ya que en él nada hay que nos permita determinar concluyentemente si el Comisionado en realidad resolvió que Rosario era culpable o inocente de los cargos específicos por los cuales se le juzgó. La carta del Comisionado nada dice sobre el particular. Sólo afirma que "la evidencia presentada justifica que se suspenda a usted del servicio". Esto se puede interpretar concebiblemente como una resolución de culpabilidad, pero el peticionario tiene derecho a un pronunciamiento claro de parte del Comisionado en cuanto a si es culpable o inocente de cargos tan serios. Por otro lado, el récord demuestra que el Comisionado archivó cargos similares formulados contra la maestra envuelta en el caso, que éste último, después de realizar una inspección del sitio en que se alega ocurrió el incidente, indicó en su opinión escrita en este caso que era absurdo creer que el incidente ocurrió como se indica en los cargos, trayendo como resultado que abrigara serias dudas en cuanto a la veracidad del esposo de la maestra, que fué el único testigo que declaró en cuanto a los alegados hechos que se imputaban en los cargos.

Aparentemente el Comisionado no deseaba encontrar terminantemente culpable a Rosario de los cargos específicos ante su consideración,(1) pero creyó prudente privarle de su sueldo durante el período en que estuvo suspendido mien-

---

(1)Los párrafos finales de la opinión del Comisionado tal cual ésta consta del récord, dicen como sigue:

"Descartada a nuestro juicio toda posibilidad de que se realizara el acto carnal público a que se refiere el Sr._____, quedaría determinar si con posterioridad a esto y en el curso de toda esa noche pudieron haberse realizado actos sexuales por el Sr. Rosario y la Sra._____. Nos inclinamos a creer

tras se celebraba la vista de los cargos, y trasladarlo a otro municipio. La corte inferior resolvió que el traslado privaría a Rosario de su derecho adquirido a enseñar permanentemente en Arecibo. El Comisionado no ha apelado de esa parte de la sentencia. El problema de si por reglamentos adecuados el Comisionado puede, mediante prueba de tales cargos, trasladar a un maestro de un municipio a otro, no está por tanto ante esta Corte en el presente caso (Véase *González* v. *Gallardo, Comisionado,* resuelto el 22 de junio de 1943, post, pág. 275).

La cuestión con que aquí nos confrontamos es si, después de celebrada la vista de tales cargos, el Comisionado podría permitir que Rosario permaneciera en su plaza de maestro, y no obstante privarle de su sueldo mientras estuvo suspendido hasta que se celebrara la vista.

Aun asumiendo *argüendo* que la carta del Comisionado constituyó una declaración de culpabilidad, su única función bajo la sección 5 de la Ley núm. 312,([2]) (Leyes de Puerto Rico,

en la posibilidad de que esto ocurriera, pero esta faz de los acontecimientos está envuelta en una impenetrable nebulosa debido a la escasez de evidencia que sostenga estos hechos.

"..............

"Si bien es verdad que la evidencia en este caso no es de tal peso y magnitud que lleve a un juzgador sereno e imparcial a pronunciar un fallo que desconectara de una vez y para siempre al querellado de sus funciones en el magisterio, no es menos cierto que los hechos realizados y la actitud adoptada por el querellado y por los otros protagonistas de estos hechos no son deseables y deben ser acremente censurados.

"Por los anteriores hechos y opinión consideramos que se cumplen los altos postulados de la justicia declarando al querellado culpable de conducta lesiva en el desempeño de sus funciones como maestro de instrucción pública y que debe imponérsele un castigo reparador que sirva de escarmiento al querellado y de ejemplo a los demás profesionales que ejercen el sagrado sacerdocio de la instrucción pública en Puerto Rico."

([2])La Sección 5 lee como sigue:

"Los maestros permanentes sólo podrán ser suspendidos o separados de sus cargos por justa causa, según lo dispuesto en y mediante procedimiento prescrito por la Ley Escolar Compilada y los reglamentos del Departamento de Instrucción; *Disponiéndose, sin embargo,* que en los casos de inmoralidad o incapacidad física o mental dichos maestros serán suspendidos sumariamente hasta tanto se celebre la vista del caso."

1938) y la sección 92 de la Ley Escolar Compilada([3]) era destituir a Rosario. Tal destitución automáticamente pondría fin a cualquier reclamación de Rosario por sueldos durante el período de su suspensión. Pero el privarlo el Comisionado de su sueldo durante el período de suspensión, como el único castigo por su conducta impropia, es imponer un castigo no autorizado por el estatuto local. La contención de que el artículo 17 del Acta Orgánica le confiere poderes ilimitados al Comisionado en cuanto a traslados, destituciones, acción disciplinaria, y otros similares, que no se encuentran en la ley local o en los reglamentos, fué resuelta adversamente al Comisionado en el caso de *González* v. *Gallardo, Comisionado,* supra.

La corte de distrito llegó a una conclusión correcta en cuanto a este aspecto del caso. Indicó que bajo la sección 92 de la Ley Escolar Compilada, el Comisionado después de oír los cargos, sólo podía elegir entre reponerlo o destituirlo. Sin embargo, la corte de distrito resolvió que un maestro que está suspendido legalmente estando pendiente la vista de cargos de esta naturaleza no tiene derecho a compensación durante tal período, aun si posteriormente se le absuelve de tales cargos. Estamos satisfechos en que la regla sobre este punto deba ser la contraria. (Véanse *Sáenz* v. *Buscaglia, Tesorero,* 61 D.P.R. 396; *School District* v. *Morgan,* 260 Pac. 46 (Okla., 1927); *Gragg* v. *Hill,* 58 S. W. (2d) 150 (Tex., 1933). La suspensión congela la reclamación de un maestro hasta que el Comisionado pueda celebrar una vista y llegar a una decisión. Pero, en ausencia de un veredicto de culpabilidad, nada encontramos en los estatutos que justifique la privación de sueldo durante el período de suspensión. No importa cual fuere la regla en cuanto a otros empleados públicos que no gozan de derechos adquiridos como los que con-

---

([3])La Sección 92 lee en parte como sigue:

"El Comisionado de Instrucción o la junta escolar suspenderá en sus cargos a los maestros por crueldad, inmoralidad, incompetencia, insubordinación o negligencia en el desempeño de sus funciones y podrán reponerlos o destituirlos, cancelando sus certificados . . . ".

fiere la ley a los maestros permanentes, no hallamos fundamentos razonables sobre los cuales, en ausencia de estatuto
o aun de reglamento, deba no obstante negarse a un maestro,
que se le juzga por cargos administrativos y que resulta inocente de la acusación específica en ellos imputada, su derecho
a recobrar el sueldo durante el período durante el cual estuvo suspendido.

No debe entenderse como que resolvemos que hubo una
resolución del Comisionado exonerando a Rosario del cargo
en cuestión. Sin embargo, la norma a usarse es que debe
pagarse compensación por el período de suspensión a menos
que haya una resolución definitiva de culpabilidad. Al discutir el problema de si la ley local o el reglamento disponían
un castigo que no fuera la destitución, tal como la privación
temporera de sueldo, hemos asumido anteriormente, únicamente a los fines de examinar tal conclusión, que el Comisionado resolvió que se probaron los cargos. Aun en tal situación, como ya se ha indicado, no estaba autorizado en imponer como castigo, en vez de la destitución, la pérdida de
sueldo por un período determinado. Pero toda vez que, como
cuestión de hecho, el Comisionado no encontró culpable a
Rosario de los cargos por los que se le juzgaba, y como el
Comisionado no ha apelado de aquella parte de la sentencia
de la corte de distrito que ordena la reposición de Rosario
como maestro en Arecibo, anulando su traslado a Aguadilla,
no podemos concluir que el Comisionado no obstante tiene
derecho a insistir que Rosario no deba ser compensado por
el tiempo durante el cual estuvo suspendido debido a los cargos que el Comisionado nunca encontró se probaron satisfactoriamente en su contra. Resolver lo contrario teóricamente le daría poder al Comisionado para perturbar a un
maestro permanente mediante una serie interminable de cargos, suspensiones y vistas, sobre los cuales no se llegara
nunca a conclusiones definitivas de inocencia o culpabilidad,
pero en cada ocasión privándolo de su sueldo durante el pe

ríodo de suspensión. En manera alguna estamos indicando que el actual Comisionado haya observado tal conducta. Por el contrario el Comisionado demostró en este caso un celo encomiable y un alto sentido del deber al explorar los cargos envueltos en el mismo, aunque, como hemos visto, estuvo equivocado en cuanto a las prerrogativas que le otorgan la actual ley y reglamentos en conexión con las mismas. Solamente citamos este posible ejemplo para demostrar la necesidad de resolver que bajo las leyes y reglamentos en vigor actualmente sólo una resolución definitiva de culpabilidad bajo los cargos específicos formulados a un maestro, seguida por la destitución de conformidad con la sección 5 de la Ley núm. 312 y la sección 92 de la Ley Escolar Compilada, conlleva la pérdida del sueldo a partir de la fecha de la suspensión.

Los casos de otras jurisdicciones citados por el Procurador General al efecto de que al pagarse el sueldo de un funcionario público a un funcionario *de facto* impide que el funcionario *de jure* recobre tal sueldo, no necesitan ser discutidos en este caso, toda vez que no hay evidencia de que el sueldo en cuestión se le pagó a otra persona.

*La sentencia de la corte de distrito, en tanto en cuanto dejó de ordenar al Comisionado que ordene el pago al peticionario de su sueldo por el período en que estuvo suspendido, será modificada, y se dictará una nueva sentencia, incluyendo tal orden al Comisionado.*

El Juez Presidente Sr. Del Toro no intervino.

OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SR. DE JESÚS

El motivo por el cual sólo he estado conforme con el resultado de la sentencia en este caso consiste en estar en desacuerdo con aquella parte de la opinión que sostiene que el Comisionado, después de oír los cargos, sólo puede elegir entre reponer al querellado o destituirlo. Esa interpretación priva al Comisionado de la facultad que a mi juicio le con-

fiere la ley para suspender a un maestro por justa causa en aquellos casos en que los cargos probados no son de tal gravedad que justifiquen la cancelación de su certificado. Baso mi tesis precisamente en la sección 5 de la Ley núm. 312 de 1938 y en la sección 92 de la Ley Escolar Compilada que sirven de fundamento a la conclusión de que disentimos. Dichos preceptos legales dicen así:

"Sección 5.—Los maestros permanentes sólo podrán ser suspendidos o separados de sus cargos por justa causa, según lo dispuesto en y mediante procedimiento prescrito por la Ley Escolar Compilada y los reglamentos del Departamento de Instrucción; *Disponiéndose, sin embargo,* que en los casos de inmoralidad o incapacidad física o mental dichos maestros serán suspendidos sumariamente hasta tanto se celebre la vista del caso."

"Sección 92.—El Comisionado de Instrucción o la junta escolar suspenderá en sus cargos a los maestros por crueldad, inmoralidad, incompetencia, insubordinación o negligencia en el desempeño de sus funciones y podrán reponerlos o destituirlos, cancelando sus certificados, después de una investigación que se practicará y en la cual la junta escolar podrá presentar una declaración y dichos maestros serán oídos en su propia defensa, bien de palabra o por escrito; *Disponiéndose,* que ninguna suspensión hecha por una junta escolar será válida por más de cinco días, y los maestros así suspendidos no volverán a serlo por la misma causa, por dicha junta, durante el año escolar en que tuvo lugar la primera suspensión."

Se observará que la sección 5, supra, contempla dos clases de suspensiones: una que puede decretarse por *justa causa,* y la otra que se decreta sumariamente, pudiendo hacerse uso de esta última única y exclusivamente "en los casos de inmoralidad o incapacidad física o mental", cuyos efectos sólo subsisten "hasta tanto se celebre la vista del caso." Se notará también que la frase *por justa causa* que aparece al principio de la sección 5, supra, se refiere tanto a la suspensión como a la separación del cargo, lo que impide sostener que dicha frase equivalga a causa probable, ya que esa interpretación nos conduciría al absurdo de sostener que un maestro puede ser separado de su cargo, cancelándosele su

certificado, a base de la existencia de causa probable de culpabilidad solamente. La separación es definitiva, conlleva la cancelación de la licencia; mientras que la suspensión es temporal. Sostener que a un maestro puede cancelársele la licencia a base de causa probable, equivale a mantener que puede imponerse una pena a base de una probabilidad de culpabilidad. Sin duda no pudo ser ése el propósito del legislador. Congruente con las disposiciones de la sección 5, la 92 de la Ley Escolar Compilada prescribe que el Comisionado de Instrucción suspenderá en sus cargos a los maestros por los motivos que dicho precepto legal expresa, y lo autoriza a reponerlos si han sido suspendidos, o a *destituirlos,* cancelando su certificado, cuando la falta sea, naturalmente, de tal magnitud que haga al maestro indigno de continuar en el magisterio. Es axiomático que la facultad mayor incluye la menor cuando ambas son de la misma naturaleza, y por consiguiente, si admitimos que el Comisionado tiene la facultad mayor de destituir a un maestro y cancelar su certificado, tendremos que aceptar forzosamente que a falta de un expreso precepto legal que se lo prohiba, tiene también la facultad menor de suspenderlo en el ejercicio de su ministerio por el tiempo que estime justo.

En el presente caso el Comisionado absolvió al demandante apelante del cargo de adulterio que se lo imputó y no señaló ningún otro acto específico de conducta inmoral o impropia de un maestro, que hubiere sido cometido por el demandante. Es por esta razón que estoy conforme con la sentencia, ya que la suspensión por el tiempo que se especifica en la resolución del Comisionado resulta arbitraria por no estar sostenida por la prueba. Por consiguiente, no puede concederse validez a dicha suspensión a los efectos de impedir al demandante el cobro de los sueldos de que fué privado a virtud de la misma.