Víctor Rosario, demandante y apelante, *v.* Hon. José M. Gallardo, Comisionado de Instrucción de Puerto Rico, demandado y apelado.

Núm. 9119.—*Sometido:* Mayo 8, 1945. *Resuelto:* Mayo 28, 1945.

58

*Virgilio Brunet,* abogado del apelante; *Hon. Procurador General Interino Jesús A. González, y G. Benítez Gautier, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

En enero 8 de 1940, el demandante apelante, maestro de Artes Industriales en la Escuela Superior de Arecibo, fué suspendido de empleo y sueldo por orden del Comisionado de Instrucción Pública. Por sentencia de 22 de junio de 1943, confirmando la dictada por la Corte de Distrito de San Juan, esta Corte Suprema declaró con lugar la petición de *mandamus* incoada por el profesor demandante y ordenó la reposición de éste en el cargo que antes ocupaba.(1) Se ordenó, además, al demandado ''que autorice. el pago al peticionario de los sueldos dejados de percibir durante todo el tiempo que estuvo suspendido, montantes a la suma de $735.75''. Esta fué la suma reclamada en la demanda original por sueldos devengados y dejados de percibir por el demandante desde enero 8 de 1940, fecha de su suspensión, hasta la fecha en que se radicó la demanda—junio 20, 1940.

La suspensión del demandante duró desde el 8 de enero de 1940 hasta el 24 de agosto de 1942 en que el Comisionado

_____

(1)*Rosario v. Gallardo, Comisionado,* 62 D.P.R. 266.

demandado le repuso en su cargo, en cumplimiento de lo ordenado por este Tribunal.

En la petición de mandamus radicada en el presente caso, el peticionario admite que el demandado le pagó la suma de $735.75, para cubrir los sueldos de enero 8 a junio 20, 1940, pero alega que ha dejado de satisfacerle los correspondientes al período desde junio 20, 1940 hasta agosto 24, 1942, fecha de su reposición, o sea un total de 25 meses escolares a razón de $135 mensuales, lo que da un total de $3,375, suma que el demandado se ha negado a pagar, no obstante el requerimiento que se le ha hecho.

Se alega, además, en la petición, que después de haber sido repuesto en su cargo, el peticionario continuó desempeñándolo hasta el 13 de octubre de 1942 en que el demandado, ilegalmente, ordenó su traslado a la Escuela Superior de Aguadilla; que no estando conforme con dicho traslado, el peticionario recurrió ante la Corte de Distrito de San Juan en solicitud de un auto de mandamus, el cual fué expedido por sentencia de 28 de julio de 1943 por la que se ordenó al demandado la reposición del peticionario en su cargo en la Escuela Superior de Arecibo; que no fué hasta el 9 de agosto de 1943 que el demandado repuso al peticionario, quien dejó de percibir los sueldos correspondientes a los diez meses escolares de octubre 13 de 1942 a agosto 9 de 1943, que a razón de $135 mensuales, ascienden a $1,350, que el demandado se niega a pagarle, no obstante haber sido requerido para ello en repetidas ocasiones.

Alegó el peticionario que el demandado tenía a su disposición fondos suficientes para satisfacer las sumas reclamadas, y solicitó que se expidiera auto de mandamus ordenando al demandado que autorice el pago de las mismas.

En oposición a la demanda, el demandado alegó, en substancia, lo que sigue:

1. Que las sumas reclamadas por el peticionario no le han sido pagadas, porque durante todo el período de su sus-

pensión el peticionario no prestó servicios en ninguna escuela, ni tampoco en el Departamento de Instrucción Pública.

2. Que en su primera solicitud de mandamus el peticionario solamente solicitó el pago de los sueldos correspondientes al período de enero 8 a junio 20 de 1940, equivalentes a $735.75; y que esa es la única suma que el Tribunal Supremo ordenó fuese pagada al peticionario. Que en la segunda petición, el demandante no reclamó que se ordenase el pago de sueldo alguno.

3. Que el demandado no tiene a su disposición fondos con los cuales pueda satisfacer las sumas reclamadas.

En diciembre 11 de 1944, la Corte de Distrito de San Juan dictó sentencia desestimando la petición y anulando el auto expedido. El peticionario interpuso el presente recurso, alegando que la sentencia recurrida es errónea y contraria a derecho.

Los fundamentos de la sentencia recurrida son:

(a) Que el demandado cumplió con lo ordenado por la sentencia dictada por la Corte Suprema, cuando pagó al peticionario la suma de $735.75.

(b) Que el Tribunal Supremo, por resolución de diciembre 14 de 1943, declaró sin lugar la moción del peticionario para que enmendara la sentencia de 22 de junio de 1943, para hacerla extensiva a todo el período durante el cual el peticionario estuvo suspendido de empleo y sueldo.

(c) Que de la sentencia dictada por la Corte Suprema no surge "acto alguno ministerial que el demandado venga obligado a cumplir, y cuyo cumplimiento esta Corte pudiera ordenar."

La corte inferior erró al declarar sin lugar la petición. ██ Las dos sentencias dictadas a favor del peticionario Víctor Rosario establecieron definitivamente que el peticionario fué ilegalmente suspendido en su cargo y de sus sueldos, durante dos períodos distintos: el primero, desde

enero 8 de 1940 hasta agosto 24 de 1942; y el segundo, desde octubre 13 de 1942 hasta agosto 9 de 1943. En cada una de dichas sentencias se ordenó al Comisionado de Instrucción Pública que repusiera al demandante en su cargo de Maestro de Artes Industriales de la Escuela Superior de Arecibo, el cual desempeñaba con carácter permanente y con un sueldo de $135 mensuales. En la primera de dichas sentencias se ordenó al Comisionado que autorizara el pago al peticionario de ''los sueldos que dejó de percibir durante todo el tiempo que estuvo suspendido, montantes a la suma de $735.75.''

En el acto de la vista celebrada ante la Corte de Distrito, las partes litigantes estipularon ''que en poder del Tesorero de Puerto Rico y para Instrucción Pública existen fondos que exceden de la cantidad reclamada.''

¿Cuáles son los derechos y remedios reconocidos y establecidos por la ley y la jurisprudencia en favor de un maestro de escuela que ocupa el cargo con carácter permanente, cuando se le separa ilegalmente de su cargo?

En Puerto Rico no existe estatuto alguno que autorice al Comisionado de Instrucción Pública a privar de su sueldo a un maestro permanente, durante el período de su suspensión, cuando esa suspensión ha sido ilegal e injustamente impuesta, como lo fué en el caso de autos. 62 D.P.R. 271. El maestro tiene derecho a que se le pague su sueldo, aun cuando no haya prestado los servicios que de acuerdo con su contrato estaba obligado a prestar, si las autoridades escolares le impidieron, a sabiendas y sin justa causa, que cumpliera sus obligaciones como maestro.[1] Entre los derechos de un maestro permanente figura el de tener empleo activo y continuo, sujeto, desde luego, a ser suspendido o

[1] 47 Am. Jur., pág. 384, párr. 121; *Smith v: School District*, 89 Kan. 225, 131 P. 557; *Noble v. Williams*, 150 Ky. 439, 150 S.W. 507; *Clune v. School District*, 166 Wis. 452, 166 N.W. 11.

separado de su cargo por las causas y de acuerdo con el procedimiento provistos por los estatutos.([2])

La jurisprudencia de las jurisdicciones estatales reconoce el derecho que tiene el maestro que ha sido indebidamente suspendido y a quien se ha impedido el cumplir sus obligaciones escolares, a recobrar los sueldos correspondientes al período de la suspensión. Véase: 47 Am. Jur. pág. 384, párr. 121 y casos allí citados.

■ Habiéndose establecido por sentencias firmes y definitivas la ilegalidad de las suspensiones impuestas al peticionario apelante y su derecho a ser repuesto en el cargo, de esas mismas sentencias surge el derecho del peticionario a recibir— y la obligación del Comisionado demandado de pagar—los sueldos correspondientes a los dos períodos de suspensión, los cuales el demandado admite no han sido satisfechos al peticionario. El deber que tiene el Comisionado demandado de pagar esos sueldos es puramente ministerial y no depende en modo alguno de la discreción de dicho funcionario.

*La sentencia recurrida debe ser revocada y en su lugar se dictará otra ordenando al Comisionado demandado que, sin pretexto ni excusa alguna, proceda, al serle notificada dicha sentencia, a autorizar el pago al peticionario del sueldo de $135 mensuales que dejó de percibir durante todo el tiempo que estuvo suspendido; o sea durante los veinticinco meses desde junio 20, 1940 a agosto 24, 1942, ascendentes a $3,375 y durante los diez meses comprendidos entre octubre 13 de 1942 y agosto 9 de 1943, ascendentes a $1,350, lo que da un total de $4,725, más las costas.*

El Juez Asociado Sr. De Jesús no intervino.

---

([2])110 A.L.R. 801; 113 A.L.R. 1498; 127 A.L.R. 1310.